## JAMES COOK vs. ZENAS LOTHROP & als.

Where a writ is made to run against the body of the defendant, when it is not warranted by law, he may take the objection to the form of the process by plea in abatement; or if it appear on the face of the writ, by motion.

As this is an immunity granted to the defendant, he may waive it; and if the objection be not made before a general continuance of the action, it will be considered as waived.

If the defendant in replevin recovers judgment for costs of suit, and the plaintiff neglects to make payment thereof, it is a breach of the condition of the replevin bond, and an action may be maintained upon it, without first making a demand on the defendant, or sueing out a writ of execution on that judgment.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

Replevin on a bond given by *Lothrop* and sureties to *Cook*, a deputy sheriff, on serving a writ of replevin of articles attached.

The facts are sufficiently stated in the opinion of the Court.

*Harding*, for the defendants, contended, that the writ having been improperly made to run against the body, and that appearing on the face of the writ, the Court will *ex officio* abate it. *Stat.* 1835, *c.* 195, § 2 ; *Greenwood* v. *Fales*, 6 *Greenl.* 405.

The penalty of the bond was to be paid on demand, on failure to perform its condition. No demand of payment was here made before the commencement of the suit. *Agry* v. *Betts*, 3 *Fairf.* 415.

No execution issued for the costs recovered in the replevin suit. An action cannot be maintained on the bond, until after the execution has been issued and has been returned unsatisfied.

*Bulfinch*, for the plaintiff.

The statute merely says, that the body shall not be arrested, not that the writ shall not run against the body. No injury was done, as no arrest was made. But if there be an error in the writ, it could only be taken advantage of at the first term in abatement.

The bond was broken as soon as the judgment for costs was rendered, and they were unpaid. There was no judgment for a return, and it was needless to issue an execution. *Lindsay* v. *Blood*, 2 *Mass. R.* 518 ; 5 *Dane*, 531 ; 3 *Harr. Dig.* 1880.

The opinion of the Court was by

WESTON C. J. — The writ in this case ran against the bodies of the defendants, which was not warranted by law. This was matter which might have been pleaded in abatement ; and as it appeared on the face of the writ, the objection might have been taken on motion, if it had been made seasonably.

It is an immunity granted to the defendant. He has a right to object to the form of process, running against his body, or he may waive that objection. The want or omission of an indorser, is apparent upon the writ. But as it is for the benefit of the defendant, if he does not take the objection at the first term, it is considered as waived. It appears to us, that the objection here is of the same character, and not therefore available after a general continuance.

The condition of the bond was, that *Lothrop*, the principal defendant, should pay such costs and damages, as *Cook*, the present plaintiff, should recover against him, in the action instituted by *Lothrop* v. *Cook*. Costs were recovered against him, which *Lothrop* has not paid. Both were parties to the suit. *Lothrop* was as much bound to take notice of the rendition of judgment as *Cook*. Each had the same means of knowledge ; and neither had a right to claim notice of the other. If *Lothrop* neglected to pay upon the rendition of judgment, the condition of the bond according to its plain tenor and import, was broken. We have no right to superadd the further condition, that the original defendant, the present plaintiff, should first sue out and prosecute a writ of execution on that judgment.

*Exceptions overruled.*