Mr. Justice LipsooMb
delivered the opinion of the court.
The plaintiff in error has assigned several errors in this case, but from the view we have taken of the law on one of them, it will not be material to notice any of the others. The plaintiff in error excepts to the citation by which the defendant was-called to answer to this suit in the court below. The judgment was taken by default before any appearance was entered by the defendant, consequently the plaintiff must hold his-judgment subject to all the legal exceptions to the process-that might have been made in the court below. The exception is, “ that the citation was not issued under the seal of the-court.’"’
The statute of 1846 (sec. 10, p. 366), regulating the practice in the district courts, enacts “that the style of all writs and process shall be, ‘ The State of Texas,’ and shall be tested in the name of the clerk of the court from which it is issued; it shall also state the name of the parties to the suit, the time and place of holding the court; shall be dated, ?nd signed by the clerk, with the seal of the court affixed, excepting subpoenas, which may be issued without the seal,” etc. The exception in the last part of the section in favor of subpcenas-shows that as to other process no exception could be allowed;, that the seal of the court could not be dispensed with. It would seem, then, that á process to answer, without being authenticated by the solemnity of a seal, would not give any va. *424 lidity to the summons and may be treated as absolutely void, and no service of it could exact obedience, and could not authorize a judgment by default, because a party cannot be in default for failing to answer or appear to a void process.- The citation in the record under consideration does not pretend to-be under any seal. In its conclusion, where the attestation clause should be, we find the following: “Witness, James W. Moore, clerk of the said court, this 26th day of October, A. D. 1846, and of the independence of the United States, the seventy-first year. Attest, J. W. Mooee, Clerk.”
It is so clearly not within the provisions of the section of the statute we have cited, that to disregard its nonconformity would be to shut our eyes and render the law a dead letter. Had the defendant appeared and taken the exception in the court below, there can be no question but the process would have been quashed on motion; but he was not bound to do so;, he had his choice, to object to the validity of the process in limine or wait, and if judgment should be rendered against him by default, to assign it as error in this' court; and he has selected the latter course, and we are’bound to sustain him and reverse the judgment and remand the cause; the plaintiff must then issue a new citation.