W. B. DEWEES v. COLORADO COUNTY.

1—The courts of this State are presumed to know who the executive of the State was, at any time when the question may arise.

2—The official bond of a county treasurer is good without seal or scrawl.

ERROR from Colorado.    Tried below before the Hon. J. B. McFarland.

This suit was brought by the county of Colorado, as plaintiff, against Dewees, the appellant, as defendant.

The petition was filed in October, 1866, and alleged that Dewees "was duly appointed by Governor Hamilton county treasurer of said county," and that on the 19th of August, 1865, he executed and delivered his bond as such ; and a copy

of the bond is made an exhibit, whereby it appears that no seal or scrawl was affixed to the signatures of Dewees and his sureties. For breach of the bond it was alleged that the defendant, though ordered by the county court to pay over the county funds in his hands to his successor in office, who was elected in 1866, had failed to do so, and retained some $1200 of the money belonging to the county.

By amendments to the petition it was alleged that certain further sums of county money had come to the defendant's hands, not included in the original petition, and running the amount retained by him up to $1440, for which judgment was demanded against him and his sureties on his bond.

The defendant filed a general demurrer to the petitions, besides a general denial and a special answer alleging that the money in question had been kept on deposit in an iron safe, fire-proof and burglar-proof, and in a secure place, where the defendants kept their own funds; but that on or about the night of March 24, 1866, thieves broke into the law office of Claiborne & Daniels, where the safe was kept, and carried it off a mile or more out of the town of Columbus, the county seat, and rifled it of its contents. And the defendants alleged care and diligence in the safe-keeping of the funds, and its loss without the fault or neglect of the defendant Dewees.

Special exceptions were also filed by the defendants because the bond sued on was not sealed as required by law. The court overruled the demurrer and exceptions of defendants to the petition, and they took their bill of exceptions. The trial was had at the Spring term, 1869, and the plaintiff obtained verdict and judgment for $1728. Being refused a new trial, the defendants bring the case up by writ of error.

*F. Barnard*, for the plaintiff in error.—1. The court erred in overruling the defendant's general demurrer. The petition does not disclose any cause of action against the defendant, Dewees, or his sureties on his official bond. It alleges that the defendant, Dewees, was appointed treasurer of Colorado county

by Governor Hamilton; but does not allege that Governor Hamilton was governor of Texas, or that W. B. Dewees was appointed treasurer of Colorado county, in the State of Texas.

The petition discloses and alleges that the defendant was *appointed* to an office elective under the constitution and laws of the State of Texas. (See Oldham & White's Digest, p. 87, Art. 295.) It is evident that the petition does not present a case within the jurisdiction of the court, and it should have been dismissed on the general demurrer.

2. The court erred in overruling the defendant's special exceptions under the 297th Art., O. & W. Digest.

The county treasurer, before entering upon the discharge of the duties of his office, is required to execute an official bond and take the oath prescribed by the constitution. The bond must be executed with sufficient securities and approved by the Chief Justice of the County Court. It is submitted whether the instrument sued on in this case is such an obligation as the law requires. The adoption of the constitution of the republic of Texas adopted the common law as the rule of action in the then republic, which still remains the rule. Under the common law a bond is defined to be an obligation in writing and under seal. The special exception in this case raised the question of the sufficiency of the bond, the same not being under seal. Is a written obligation not under seal, such a bond as the statute requires? The statute speaks of a bond, and the common law decides what constitutes a bond. (See Bouvier's Law Dictionary, p. 212.) In every one of the common law States the courts have universally held that the seal is a necessary component of a statutory bond. (See 11 Alabama, 19; 6 Vermont, 40; 1 Blackf., Indiana, 241.)

*D. D. Claiborne,* for defendant in error, cited Paschal's Digest, Art. 1100.

WALKER, J.—The courts of this State are presumed to

know who the executive may be at any time when the fact may be called in question.

The official bond of a county treasurer is good without seals, or scrawls for seals.

The judgment in this case is affirmed, with damages.

Affirmed with damages.