Opinion by
Will-son, J.
§ 101. Citation to non-resident of the state. Leal was a non-resident of this state and sued as such. He was served with notice of the suit in Mexico, the place of his residence. The notice stated the date of the filing of plaintiff’s petition to be July 27, 1883, when the petition itself showed that it was filed July 24, 1883. Said notice was not attested by the seal of the court from whence it issued. Held, that the notice was not in compliance with the statute [R. S. art. 1230], and that the judgment by default rendered upon service thereof was erroneous. In cases of this character, where a judgment is sought to be maintained upon service had out of the state, and where the defendant has not answered, it must be made to appear that the notice and the service thereof are in *83 strict compliance with, the requirements of the statute, not only as to matters of substance, but even as to matters of form.
(Note.— In Jones v. Jones, 60 Tex, 451, speaking of the subject of citation to a non-resident, it is said: “ These statutes are not to be construed strictly as in derogation of the common law, but liberally, and with a view to effect their objects and promote justice. The object of articles 1230 to 1233 of the Revised Statutes was to provide for an easier and less expensive method of effecting service on non-residents than by publication, and, at the same time, to make it certain that the defendant has full notice of the suit. To carry out these objects we must give the statute a liberal construction, disregard technicalities, and-supply by intendment what the law, in other cases, would presume had been done.” This decision was not before the court of appeals when Leal v. Woodhouse was decided, but the reporter does not understand the two cases to conflict, except, perhaps, as to the construction to be given to the statute, whether it should be a strict or a liberal one. Bearing upon this subject, see the following cases: Frosh v. Schlumpf, 2 Tex. 422; Chambers v. Chapman, 32 Tex. 570; Windish v. Wofford, 33 Tex. 110; Norvell v. Garthwaite, 25 Tex. 584; Wright v. Wilmot, 22 Tex. 398; Roberts v. Stocklager, 4 Tex. 307; Underhill v. Lockett, 20 Tex. 131; Graves v. Robertson, 22 Tex. 130; Tullis v. Scott, 38 Tex. 537; W. & W. Con. Rep. §§ 242, 243, 812.—Reporter.)
§ 102. Ownership of note; sufficient allegation of. The petition alleged that the defendant, on a day named, made, executed and delivered to the plaintiff the note sued upon. Held, that this was a sufficient allegation that the plaintiff was the owner of the note. [W. & W. Con. Rep. § 96.]