# Hays *v.* Wilkinsburg & East Pittsburg Street Railway Company, Appellant.

*Easement—Right of way—Agreement—Measure of damages—Street railways.*

Where a street railway company obtains a grant of a right of way over land, and covenants to grade, curb and pave a portion of the right of way not occupied by its tracks for a roadway, and subsequently the railway company abandons the location by reason of its failure to gain the municipal consent, and places no tracks or burden whatever upon the land, the owner is not entitled to recover from the railroad company the cost of grading, curbing and paving, but is only entitled to nominal damages.

Argued Oct. 31, 1902. Appeal, No. 39, Oct. T., 1902, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1901, No. 137, on verdict for plaintiff in case of Miriam Hays et al. v. Wilkinsburg & East Pittsburg Street Railway Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Assumpsit for breach of contract. Before BROWN, J.

The facts appear by the opinion of the Supreme Court.

Plaintiffs presented this point:

[2. That the measure of damages is the cost of grading, paving, curbing and sewering the street through the plaintiffs' land in the manner and to the extent set forth in the contract in evidence, with interest from July 15, 1900. *Answer:* Affirmed.] [3]

Defendant presented these points:

1. Under the pleadings and the evidence, the plaintiffs are entitled only to recover nominal damages. *Answer:* Refused. [1]

[2. Under the pleadings and the evidence, in no event is the plaintiff entitled to recover the cost of grading, paving, curbing and sewering, for the reason that such cost does not constitute or furnish the measure of damages, if any, to which the plaintiffs are entitled. *Answer:* Refused. [2]

Verdict and judgment for plaintiff for $3,399.50. Defendant appealed.

*Errors assigned* among others were (1–2) above instructions, quoting them.

J. H. Beal, with him J. H. Reed, Edwin W. Smith and George E. Shaw, for appellant.—Only nominal damages can be recovered: West Chester & Phila. R. R. Co. v. Broomall, 18 W. N. C. 44; Watterson v. Allegheny Valley R. R. Co., 74 Pa. 208 ; Wigsell v. Corporation of School for Indigent Blind, L. R. 8 Q. B. Div. 357; Chamberlain v. Parker, 45 N. Y. 569.

James G. Hays, with him C. C. Dickey, for appellees.—Where there is a contract to do certain things, which are the consideration of the contract, upon the failure of the defendant to do them, he must respond in damages in the amount of the fair market value, or cost of doing them, at the time of the breach: Erie, etc., Railroad Co. v. Johnson, 101 Pa. 555; Wood v. Sharpless, 174 Pa. 588 ; Erie & Pitts. Railroad Co. v. Douthet, 88 Pa. 243; St. Louis, etc., R. R. Co. v. Lurton, 72 Ill. 118 ; Logansport, etc., Ry. Co. v. Wray, 52 Ind. 578 ; Taylor v. North Pacific Coast R. R. Co., 56 Cal. 317 ; Broumel v. Rayner, 68 Md. 47 (11 Atl. Repr. 833) ; Cincinnati, etc., Ry. Co. v. Carthage Village, 36 Ohio, 631 ; Lawton v. Fitchburg R. R. Co., 62 Mass. 230.

OPINION BY MR. JUSTICE POTTER, January 5, 1903:

The appellant in this case, procured from the appellees an agreement for a right of way across their premises in the borough of Swissvale. Under the contract the appellant was at liberty to enter upon the property, and grade the right of way, and make cuts and fills, lay down rails, erect poles, and string wires therefrom; it was empowered to do all things necessary to construct, maintain, and operate upon and through the said premises, a system of double track electric street railway.

As part of the consideration for these privileges, the appellant agreed to grade and pave and curb, for the use of the owners and occupants of the premises, a roadway on the said right of way, outside of and along its tracks.

No question is raised as to the perfect good faith of the appellant in entering into this agreement; but in order to carry out the contract, it was necessary to obtain the consent of the municipal authorities of the borough of Swissvale, to lay tracks upon a street leading to a point opposite the property of ap-

pellees, and from which it was separated by adjoining private property.

The borough councils refused consent. Appellant was thereby prevented from building its line of railway over appellees' premises, and was obliged to seek another route. The privileges for which it had bargained with appellees were then of no use, and it refused to accept the grant of the right of way, and has relinquished all claim thereto. The breach of contract therefore, upon the part of appellant, consisted in its refusal to accept, or enter into possession of, the right of way for which it had contracted.

Such a breach is analogous to that of the vendee, in a contract for the conveyance of land; in such case, the damages which may be recovered are not the whole amount of the purchase money, as that would be to enforce specific performance. The damages should only equal the loss sustained by nonfulfilment of the contract. The loss of the bargain is the measure of damages.

The trial court here, however, adopted as the measure, the equivalent of the full amount of the purchase money ; or the cost of grading, paving, curbing and sewering the street through the plaintiffs' land. If the street railway company had accepted from the plaintiffs the grant of the right of way, and had entered thereon, laid its tracks, erected its poles, strung its wires, and constructed and operated its railway over plaintiffs' property, and had then refused to make payment of the compensation as stipulated in the contract, the measure of damages applied by the trial court would have been correct. But as it is, the appellees have given up nothing to the street railway company. They have their property left in their possession, practically undisturbed, and not burdened in any way by the easement which they agreed to create in favor of the appellant. The privileges for which the street railway company stipulated, and in return for which it agreed to do the paving, grading and curbing, have not been exercised by by it, nor does it claim any right to them.

In so far as any act of the appellant is concerned, the appellees remain in the uninterrupted enjoyment of their property ; and yet, without giving up anything, or suffering the loss of anything, or being put to inconvenience or annoyance

by the appellant, they have been permitted to recover all that they would have been entitled to receive if they had sustained all the injury and annoyance which, by the terms of the contract, and for the consideration therein expressed, they were to sustain. Having parted practically with nothing, they have lost nothing, and are entitled to recover nothing more than the actual loss. Clearly they are not entitled to have their property intact, and at the same time recover the full amount of the compensation to which they would have been entitled had the street railway been built upon their premises.

The authorities cited to sustain the contention of the appellees, are all cases in which the party who committed the breach, did so after having received the benefits of the agreement. For instance, in Taylor v. Northern Pacific Coast R. R. Co., 56 Cal. 317, the railroad company, in consideration of the conveyance to it of a right of way, agreed to build a wagon road and fence both sides of the way. It accepted the grant and built its railroad thereon, and then refused to construct the wagon road and build the fence. Of course, in such a case, the measure of damages would properly be the cost of building the fence and constructing the wagon road, which it had promised to give as the price of the grant which had been accepted and used by it. But if the railroad company had not accepted the grant of the right of way, or constructed its railroad thereon, or made any use of it whatever; and if no title thereto had vested in it, and all claim thereto had been relinquished, then obviously the measure of damages would have been properly confined to the actual loss.

Or take another illustration advanced in the argument. If A contracts to build a house for B, and then fails to keep his agreement, the measure of damages to which B is entitled is certainly not the whole of the contract price, but only such an amount as will compensate him for the difference between the price he was to pay to A, and that which by reason of the breach, he may be forced to pay someone else. If B had paid the consideration in advance to A, then the measure of damages would be the value of the house for which he had paid. But in the case in hand, the consideration which the appellant was to receive for doing the grading, paving and curbing of the street, was the right to burden the property of the appellees

with a perpetual easement, and to subject it to the annoyance of the construction, maintenance and continuous operation of a street railway. Owing to the breach, they did not suffer this loss or inconvenience, or incur any burden. Nor did the appellant take any benefit from the grant. Under these circumstances, the measure of damages can be nothing more than the actual loss sustained by the appellees, which in so far as the evidence shows, was merely nominal.

The assignments of error are all sustained, and the judgment is reversed, and a venire facias de novo is awarded.