## Snyder *v.* Bassler Limestone Co., Appellant.

*Contract—Covenant in lease—Breach of covenant—Damages.*

In an action to recover damages for the breach of a covenant in a lease of a quarry in which the lessee agreed "to use the stripping of this property to fill the building lots facing" on a road named, where it appears that the action was brought while the defendants still had time to perform the covenant, but no plea in abatement was filed, and no objection to the time was made until after the plaintiff's testimony was closed which was subsequent to the

termination of the lease, the defendant will be held to have waived a right to object, by pleading the general issue, and going to the trial on the merits.

In such a case the correct measure of damages is the reasonable cost to the plaintiff to place the stripping where the contract provided it should go. The effect on the market value of the lots from failure to fill them, is a collateral matter in which the court has no concern.

Argued Oct. 26, 1916. Appeal, No. 272, Oct. T., 1916, by defendant, from judgment of C. P. Lebanon Co., Sept. T., 1915, No. 15, on verdict for plaintiff in case of David Snyder v. Bassler Limestone Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for breach of covenant in a lease. Before HENRY, P. J.

The facts are stated in the opinion of the Superior Court.

Defendant presented the following point: The undisputed evidence of the plaintiff being that the contract of lease for the breach of certain covenants of which the suit was brought, was terminated July 14, 1915, while the suit was brought June 16, 1915, when it was still possible for the defendant to have performed said covenants. The suit must be held to have been brought before the legal right of action had accrued and therefore, the plaintiff cannot recover.

Answer. Refused. (1)

The court charged in part as follows:

["Damages in a case of this character are given as compensation for the injuries suffered by reason of the breach of the contract and the measure of damages in this case is the reasonable cost to the plaintiff to put the ground where the contract provided it should go.] (4)

["If you find that he did not waive this provision of the agreement then he is entitled to recover the reasonable price of removing the ground from where it was

placed, such as was not placed upon the building lots to the building lots and filling them to the height provided for by this contract."]   (5)

Verdict and judgment for plaintiff for $1,100. Defendant appealed.

*Errors assigned* were (1-4, 5) above instructions quoting them.

*S. P. Light,* with him *D. W. Kaercher,* for appellant, cited as to the premature bringing of the action: Immel v. Herb, 50 Pa. Superior Ct. 241; Meikle v. Northwestern Nat. Ins. Co., 243 Pa. 557.

Cited as to the measure of damages: Hoy v. Gronoble, 34 Pa. 9; Garsed v. Turner, 71 Pa. 56; Watterson v. Allegheny Valley R. R. Co., 74 Pa. 208; Penn Iron Co. v. Diller, 113 Pa. 635; Vandivort v. Pittsburgh, Etc., Ry. Co., 249 Pa. 217; Fererro v. Western Union Tel. Co., 35 L. R. A. 548; Lentz v. Carnegie Bros. & Co., 145 Pa. 612; Gift v. City of Reading, 3 Pa. Superior Ct. 359; Harvey v. Susquehanna Coal Co., 201 Pa. 63; Cairns v. Chester City, 34 Pa. Superior Ct. 51; Hershey v. Kerbaugh, 242 Pa. 227.

*Jefferson Snyder,* with him *H. A. Honker,* for appellee, cited as to prematurity of action: Bellas v. Fagely, 19 Pa. 273; Collins v. Smith, 78 Pa. 423; Backenstoss v. Stahler, 33 Pa. 251; Good Intent Co. v. Hartzell, 22 Pa. 277; Potter v. McCoy, 26 Pa. 458; Green v. North Buffalo Twp., 56 Pa. 110; Virtue v. Ioka Tribe, 5 Pa. Dist. 634; Immel v. Herb, 50 Pa. Superior Ct. 241; Meikle v. Northwestern Nat. Ins. Co., 243 Pa. 557.

Cited as to the measure of damages: Weighley v. Muller, 51 Pa. Superior Ct. 125; West Chester & Philadelphia R. R. Co. v. Broomall, 18 W. N. C. 44; Watterson v. Allegheny R. R. Co., 74 Pa. 208; Penn Iron Co. v. Diller, 113 Pa. 635; Wood v. Sharpless, 174 Pa. 588.

OPINION BY WILLIAMS, J., March 13, 1917:

This was an action of assumpsit to recover damages for the breach of a covenant in a lease of a quarry in which the defendant, as lessee, agreed, inter alia, "to use the stripping from this property to fill the building lots facing on the Lebanon pike, from the Holstein property on the west to the barn on the east, approximately leveling the ground to a height not to exceed $2\frac{1}{2}$ feet at any point above the pike level. Any stripping in excess of that required to fill lots as above provided, may be disposed of by the lessee as best suits its convenience. It being understood, however, that any filling will be kept reasonably level, and not of excessive height."

The term of the lease began August 1, 1911, and was to continue for thirty years if not sooner terminated by the lessee. The jury found that during the term of the lease, which had been terminated by the lessee, as of the date of July 14, 1915, some of the stripping was deposited upon the designated building lots, but that they were never filled to the height fixed in the lease, and that the great bulk of the stripping was placed upon other land without the consent of the lessor.

It appears that the action was brought on June 16, 1915, while the defendant still had time to perform its covenant. No objection to the time when the action was brought was made until after the plaintiff's testimony was closed. This was subsequent to the termination of the lease. The appellant, not having filed a plea in abatement, must be held to have waived its right by pleading the general issue and going to trial on the merits : Meikle v. Northwestern Nat. Ins. Co., 243 Pa. 557; Immel v. Herb, 50 Pa. Superior Ct. 241.

The other question raised is whether the court adopted the correct measure of damages. The court charged that "the measure of damages in this case is the reasonable cost to the plaintiff to put the ground where the contract provided it should go." This was a correct statement. Where there has been a breach of a contract to perform

a specific piece of work or service the plaintiff is entitled
to recover what it would reasonably cost to perform the
same, or what it would reasonably cost to restore the
property to its original condition: 13 Cyc. 162.  This is
the rule in this State: Erie and Pittsburgh R. R. Co. v.
Johnson, 101 Pa. 555; Hays v. Wilkinsburg & E. Pbg. St.
Ry. Co., 204 Pa. 488.  In McDowell's App., 123 Pa. 381,
HAND, J., said (409) : "We have a covenant kept in part
and broken as to the residue, and the measure of dam-
ages is what it cost to fulfil the contract."

The appellant, however, contends that, because the
appellee could not possibly benefit more than $200 if the
contract or covenant had been carried out or performed,
as the market value of the lots would not be more than
that if filled up, he can only recover their value.  The
cases cited by appellant are not applicable.  This is not
an action to determine the liability of the defendant for
a taking in eminent domain, for an intentional trespass,
or for negligence, but is to recover the expense to which
the lessor will be put to carry out the unperformed cove-
nant of the lessee.  It appears from the evidence that the
stripping was placed where the lessor does not want
it, and not placed where he does.  The effect on the
market value of the lots is a collateral matter with which
we have no concern.  The plaintiff's reason for want-
ing the stripping spread on the Lebanon pike lots is not
material.  If it were, the lease shows that in addition to
filling these lots, he also wanted to dispose of the strip-
ping where it would do the most good to the land as
a whole, and not diminish its value.  The defendant re-
ceived the benefits of the lease, but refused to pay part
of the consideration, viz: dispose of the stripping in
a certain way.  This imposed on the plaintiff the cost of
doing that which defendant had covenanted to do, and
this cost is the true measure of damages.

The judgment is affirmed.