## Commonwealth ex rel. v. Poteet.

*Habeas corpus—Service upon respondent in divorce at master's meeting— Waiver of privilege by asking for continuance—Pleas in abatement.*

1. Where a writ of *habeas corpus* was served upon respondent in divorce while in attendance upon a hearing before the master, any objection to the service, in a case where the sheriff's return fails to show that service was made at the master's meeting, should be raised by a plea in abatement.

2. Any objection to a defect in the service of process is waived unless seasonably raised by motion to quash the writ or a plea in abatement before appearing to the action, and, hence, a request for continuance operates as such a waiver.

3. A writ of *habeas corpus* was served upon defendant while attending a meeting before a master in divorce, in which case she was the respondent. On the return-day of the writ her attorney asked for a continuance and when the case was down for hearing, again asked for a second continuance. When defendant failed to appear after the second continuance, she was adjudged in contempt of court and an attachment was issued. A motion was then made to set aside the service of the writ. The sheriff's return did not show specifically that the writ had been served at the master's meeting: *Held,* that defendant's attorney had waived all defects of service by asking for the continuances, and rule to set aside service was discharged.

Motion to set aside service of writ of *habeas corpus.* C. P. Montgomery Co., June T., 1923, No. 38.

*D. Yeakel Miller* and *Evans, High, Dettra & Swartz,* for plaintiff.

*Frank J. Bradley,* for defendant.

WILLIAMS, J., March 24, 1924.—The writ was awarded on June 27, 1923. According to the deposition of the respondent, not taken until the 7th and not filed until the 10th day of the third month of the following year, the writ, on

Commonwealth v. Poteet.

the day of issuance, was served by the sheriff upon her at the law offices of counsel for her husband, whither she had gone to attend a hearing in an application for a divorce made by her husband, the father relator. She says that, the master in the divorce suit having notified her by mail of the time and place of hearing, for the express purpose of being present thereat, she voluntarily left her home in New York City, New York, and came to the Borough of Norristown, this county, where service was made as aforesaid.

On the return-day of the writ, July 3, 1923, counsel for the respondent appeared in open court, not for the purpose of objecting to the service of the writ, but, on the contrary, of requesting a postponement of hearing. His request was granted by the court and the hearing was continued until Sept. 5th, when, again, he appeared in open court and, still making no objection to the manner in which the writ had been served, sought of and obtained from the court a second continuance until 9 o'clock in the morning of the 22nd of the month.

On the said Sept. 22nd, at 11.08 A. M., counsel for the respondent having advised the court that the respondent had not yet appeared with the child relator, the court waited until 12.57 P. M., when counsel for the respondent, in response to a question by the court, said that, at his suggestion, the case had already been twice continued and that, therefore, he did not seek a third postponement and, in answer to a like inquiry, or to similar interrogations, stated without equivocation that he did not urge that at the time his client had been served with the writ she was immune from civil process and that he knew of no reason at all why the service upon her was illegal. Accordingly, without objection on the part of her counsel, and after every opportunity had been afforded him to be heard, the respondent was adjudged in contempt of court and an attachment was forthwith issued against her. As yet, she has not been found by the sheriff. Her deposition shows that, ever since, she has taken good care to remain in the State of New York.

A month and a half after the issuance of the attachment, this same counsel, who at the hearing had disclaimed all knowledge of any reason why the service of the said writ was not good, presented a motion to set aside service of the said writ and obtained the above rule from a judge who had not been present at the hearing on Sept. 22nd and, hence, knew nothing of what had taken place there and who, if he had been cognizant of the real situation existing, might not have granted the rule.

There are just two ways in which advantage may be taken of a defect in the service of process: one is by a motion to quash the writ; and the other is by a plea in abatement. It is well settled that, if process be illegally executed, the validity of the return can be raised only by a motion to quash or a plea in abatement: Nashville Bank v. Henderson, 13 Tenn. 104 (1833), Peck, J.; Kelly v. Paris, 10 Vt. 261 (1838), Redfield, J.; Frosch v. Schlumpf, 2 Tex. 422 (1847), Lipscomb, J.; First National Bank of Baltimore v. Jaggers, 31 Md. 38 (1869), Miller, J.; Raub v. Otterback, 16 S. E. Repr. 933 (1893), Fauntleroy, J. (S. C. of A. of Va.); Norfolk & W. R. Co. v. Carter, 22 S. E. Repr. 517 (1895), Riely, J. (S. C. of A. of Va.); Snÿder v. Philadelphia Co., 46 S. E. Repr. 366 (1903), Poffenbarger, J. (S. C. of A. of W. Va.); Lane Bros. & Co. v. Bauserman, 48 S. E. Repr. 857 (1904), Buchanan, J. (S. C. of A. of Va.); M. Fisher, Sons & Co. v. Crowley, 50 S. E. Repr. 422 (1905), Poffenbarger, J. (S. C. of A. of W. Va.); Bes Line Const. Co. v. Schmidt, 85 P. 711 (1906), Pancoast, J. (S. C. of Okla.); and Atchinson, T. & S. F. Ry. Co. v. Lambert, 121 P. 654 (1912), Hayes, J. (S. C. of Okla.).

Commonwealth v. Poteet.

The respondent has not moved to quash the writ of *habeas corpus*. All that she has done is to move to set aside the service of the writ. Her objection is not to the writ; it is only to the manner of the service of the writ, *i. e.*, the time when and the place where the writ was served. Her objection then is not in bar of the suit itself, but is simply by way of abatement to the action.

The defect alleged by the respondent does not appear upon the face of the record. The return of the sheriff fails to disclose that, as the respondent claims, she, when served, was actually in attendance upon a divorce master holding a hearing in a case to which she was a party.

An objection to the action which goes merely in abatement of, and not in bar to, the suit and which is not apparent upon the record must be specially pleaded in abatement by a formal plea in abatement: Schofield v. Palmer, 134 Fed Repr. 753 (1904), McDowell, D. J. (Cir. Ct., W. D. Va.), and Johnson v. Carr, 210 Mass. 1 (1911), Hammond, J.

The existence of the rule that matter in abatement *dehors* the record should be presented by a plea in abatement was recognized in Pennsylvania so long ago as 1824, when the Supreme Court, in Newlin v. Palmer and another, 11 S. & R. 98, Duncan, J., applied it to the objection that there was a variance between process and pleading, and so recently as 1917, when the Superior Court, in Snyder v. Bassler Limestone Co., 66 Pa. Superior Ct. 5, Williams, J., applied it to the objection that the action had been prematurely brought. The rule was applied, also, in Baum v. Tonkin, 110 Pa. 569 (1885), Clark, J., and Immel v. Herb, 50 Pa. Superior Ct. 241 (1912), Porter, J. Hence, the proper mode of taking advantage of a defect in service of process is by answer in abatement and, if the alleged defect does not appear upon the record, the objection must be so raised: National Bank, etc., v. American Ship-Building Co., 2 A. 511 (1886), *Per Curiam* (Pa.).

The objection that the respondent was exempt or privileged, because attending a hearing before a master, from service of process should have been raised by a plea in abatement: Chaffee v. Jones, 19 Pick. 260 (1837), Shaw, C. J.; Case v. Rorabacher, 15 Mich. 537 (1867), Campbell, J. (Cooley, J., concurring); and Larned v. Griffin, 12 Fed. Repr. 590 (1882), Colt, D. J. (Cir. Ct., D. Mass.).

But even if the respondent has made her objection in the right way, she is met with a difficulty more serious than that of having improperly pleaded her objection. She is confronted with the rule of law that an objection by reason of a defect in service of process is waived unless seasonably raised by motion to quash or plea in abatement, according to the practice, before consenting to, much less asking for, a continuance. While it may be well settled that, if process be illegally issued or executed, the validity of such process or return can be raised by a motion to quash as well as by a plea in abatement, if such motion be not made and disposed of before appearing to the action, or before taking or consenting to a continuance, the party is held to have waived all defects in the process and service thereof: Petty v. Frick Co., 10 S. E. Repr. 886 (1890), Lewis, P. J. (S. C. of A. of Va.); New River Mineral Co. v. Painter, 42 S. E. Repr. 300 (1902), Buchanan, J. (S. C. of A. of Va.); and Lane Bros. & Co. v. Bauserman, 48 S. E. Repr. 857 (1904), Buchanan, J. (S. C. of A. of Va.).

Defects in service of process must be taken advantage of, by motion to quash or plea in abatement, at the first ensuing stage of the process: Ripley v. Warren, 2 Pick. 592, 594 (1824), Parker, C. J. (Mass.). One upon whom process has been illegally served should appear and make his objection *ad*

*limine:* Frosch *v.* Schlumpf, 2 Tex. 422, 423 (1847), Lipscomb, J.   Application to set aside irregularities in judicial proceedings should be made as early as possible, or, as it is commonly said, in the first instance; and, if the party overlook it and take subsequent steps in the cause, he cannot afterward revert back and object.   The objection should be made at the very first opportunity offered to bring the complaint to the attention of the court and before the party who, if the alleged defect exists, will be adversely affected thereby has taken a single step forward in the cause: Beall *v.* Blake, 13 Ga. 217, 221 (1853), Lumpkin, J.   When an improperly served writ is directed to and runs against the body of the defendant, he may take his objection to the service of the process by plea in abatement or, if the defect appears in the return of the writ, by motion to quash, but where the immunity granted is a personal one, for the benefit of the defendant, he may waive it and, if objection be not promptly made, it will be considered to have been waived, especially if the objection be not made until after a continuance of the action: Cook *v.* Lothrop, 18 Me. 260, 261 ((1841), Weston, C. J.

The conduct of counsel in moving for a continuance amounted to a waiver of all defects in the service of process.   If the action of counsel is with the apparent view of prolonging the pendency of the suit and in contemplation of a step adapted to a case regularly on foot, it is a waiver of all prior defects: Lane *v.* Leach, 6 N. W. Repr. 228, 229 (1880), Graves, J. (Mich.).   Where, before a motion to quash the return of the sheriff upon a process, the defendant consents to the continuance of the case, such consent constitutes a waiver of any objection to the return: New River Mineral Co. *v.* Painter, 42 S. E. Repr. 300 (1902), Buchanan, J. (S. C. of A. of Va.).   Objections which do not go to the substance of an action are treated as waived if not made when the occasion of them arises.   It is a rule firmly fixed that, by appearing and pleading to the action, a defendant waives all defects in the process or service thereof.   The cases go farther and imply such a waiver from the taking or consenting to a continuance by the defendant as fully as they do from his pleading to the action.   The object of the writ is to apprise the defendant of the nature of the proceeding against him.   The fact of his taking or agreeing to a continuance is evidence of his having made himself a party to the record and of his having recognized the case as in court.   It is too late for him, afterwards, to say that he has not been regularly brought to court.   By an appearance to the action, for any purpose other than to take advantage of the defective execution or non-execution of process, a defendant places himself expressly in the situation in which he would be if process had been executed upon him: Pollard *v.* Dwight, 4 Cranch, 421, 429 (1808), Marshall, C. J.;   Gracie *v.* Palmer, 8 Wheat. 699, 700 (1823), Marshall, C. J.; Farrar and Brown *v.* The United States, 3 Peters, 459, 460 (1830), Marshall, C. J.; Buckingham et al. *v.* McLean, etc., 13 Howard, 150, 151 (1851), McLean, J.; The Bank of the Valley *v.* The Bank of Berkeley, 3 W. Va. 386, 391 (1869), Maxwell, J.;   Steele *v.* Harkness, 9 W. Va. 13 (1876), Edmiston, J.;   Mahany *v.* Kephart and The B. & O. R. R. Co., 15 W. Va. 609, 618-19 (1879), Haymond, J.;   Chilhowie Lumber Co. *v.* Lance, 41 S. E. Repr. 128 (1902), Poffenbarger, J. (S. C. of A. of W. Va.); and Snyder *v.* Philadelphia Co., 46 S. E. Repr. 366 (1903), Poffenbarger, J. (S. C. of A. of W. Va.).

It is a rule which obtains in most jurisdictions that any action on the part of the defendant, except to object to the jurisdiction, which recognizes the case as in court will amount to a general appearance.   While the rule may not have received express recognition in any of our own adjudications, nothing can be found in any of them to contravene or question it.   That it has been

Commonwealth *v.* Poteet.

generally adopted fully appears from the citations given in 3 Cyc., 504. The reasonableness of the rule is apparent. Without it, the result would follow that a defendant could take a chance in a trial on the merits of the case and therein failing could still set the judgment aside on the ground that he had never been in court. Obviously, it is but fair and just that, if a defendant wishes to insist on the objection that he is out of court, he must not come in for any purpose except to make the objection that he is absent: Swecker *v.* Reynolds, 246 Pa. 197, 201-02 (1914), Stewart, J.; Nevin et al. *v.* Catanach et al., 264 Pa. 523, 527-28 (1919), Moschzisker, J.; Miller Paper Co. *v.* Key-Superior Ct. 74, 80-81 (1915), Head J.; and Fries *v.* Wiser, 62 Pa. Superior Ct. 218, 222-23 (1916), Head, J.

And now, March 24, 1924, the motion to set aside the service of the writ of *habeas corpus* upon the respondent is overruled and the rule granted upon the plaintiffs to show cause why the said service and the return thereof should not be set aside is discharged.