Opinion of the court.

---

## Jack Conner v. The State.

1. In civil actions the jury may decide upon a comparison of the probabilities and according to the preponderance of evidence, but in criminal cases the humane caution of the law requires that the guilt of the accused be established beyond a reasonable doubt.

2. In cases affecting life or liberty, the evidence must be so conclusive, the presumption so strong, as to exclude every rational doubt of the guilt of the accused. (Billard v. The State, 30 Texas, 369, cited by the court.)

3. In a trial for felony, the court below, commenting upon confessions of the prisoner, charged the jury that if what he said in his own favor, was not improbable in itself, nor contradicted by the evidence for the State, it would naturally be believed by the jury ; but that the jury were not bound to give weight to it on that account. *Held*, that this was erroneous ; the jury may not, under such circumstances, deny proper weight to the statements of the prisoner in his own favor. (Tipton v. The State, Peck, Tenn., Reports, 308, and other authorities cited by the court.)

Appeal from Williamson. Tried below before the Hon. W. E. Jones.

A detail of the evidence in this case is not necessary. In fact, the opinion of the court comprises all of it that seems to be involved in the rulings.

*Shelley, Long & Gray*, for the appellant.—These counsel filed a very able and interesting argument upon the law and the facts. It is too elaborate, however, for a full insertion of it, and mere extracts would mutilate it.

*Wm. Alexander*, Attorney General, for the State.

Evans, P. J.—It appears from the record in this case that the appellant, Jack Conner, was indicted at the October term, 1870, of the District Court of Travis county, upon a charge of the

murder of one Epsy Lansing. The case was removed to Williamson county by change of venue, and at the November term, 1870, of that court, a trial was had which resulted in a verdict and judgment for murder in the second degree, with five years' imprisonment in the State penitentiary.

The State proved by two witnesses that in the morning, before the deceased and defendant had left their bed room, a pistol shot was heard in the room, and instantly defendant ran out into the back yard in his night clothes, exclaiming to the witnesses, "Oh my God! I have killed my darling," apparently in great distress; and being asked how it occurred, said "accidentally," etc. This was the only proof offered that he killed the deceased.

Among the errors assigned are two exceptions to the instructions given by the court below to the jury, the determination of which will be decisive of the case. The first regards the following portion of the charge: * * . * "if conflicting testimony exists as to any material fact, the jury must determine, in the best exercise of their judgment, the preponderance of credible testimony. If facts apparently well established appear to conflict with each other, and cannot be so reconciled that the jury can take both into their consideration, they must determine which shall give way to the other in determining the question." This instruction, however unexceptionable it may be as applied in civil cases, is at variance with the established rule in criminal prosecutions.

In civil controversies between litigants the jury decide according to the preponderance of evidence, that is, upon a comparison of probabilities; but in criminal cases the humane caution of the law requires that the guilt of the accused be established beyond any reasonable doubt.

McNally, in his Rules of Evidence, observes, that "everything is a doubt in a civil case, where the jury weigh the evidence and, having struck a fair balance, decide according to the weight of the

evidence. This, however, is not the rule in criminal cases, for it is an established maxim that the jury are not to *weigh* the evidence, but in cases of doubt to acquit the prisoner."

Phillips on Evidence, observes that "the principal difference to be remarked between civil and criminal cases, with reference to the modes of proof, by direct or circumstantial evidence, is that in the former, where civil rights are ascertained, a less degree of probability may be safely adopted as a ground of judgment, than in the latter case, which affects life and liberty." (Roscoe's Crim. Evidence, 14.)

The distinction in the rule of evidence, between criminal and civil cases, as here laid down, is not in the process of reasoning, for that is the same in both, but it is in the strength of the presumption—the conclusiveness of the evidence—required by the former, which is not required by the latter.

In cases affecting life or liberty, the evidence must be so conclusive, the presumption so strong, as to exclude every rational doubt of the guilt of the accused. This principle is recognized, and fortified by numerous authorities, in the opinion of Justice Donley, in the case of Billard v. The State, 30 Texas, 369.

We now turn to the consideration of the second error which we propose considering. The court, in commenting upon the confessions of the prisoner, gives the following instructions to the jury : "If what is said in his own favor is not contradicted by evidence offered by the prosecution, nor is improbable in itself, it will naturally be believed by the jury ; *but they are not bound* to give weight to it on that account." This charge is erroneous, and is in direct conflict with the settled law on the subject. It is found in section 218, 1 Greenleaf on Evidence, but as it is inconsistent with other parts of the same section, it cannot be presumed to express the meaning of the author. However this may be, we apprehend that the rule of law, which requires the jury to give weight to what is said by the prisoner in his own favor, if not

contradicted by other evidence, nor improbable in itself, is too well settled to admit of change or qualification.

Roscoe, in his Criminal Evidence, 55, states the doctrine in these words: "There is no doubt that if the prosecutor uses the words of the prisoner, he must take the whole of it together, and cannot select one part and leave another; and if there be no evidence in the case, or no evidence incompatible with it, the declarations so adduced must be taken as true." This meets the very point in question—*that the jury may not deny the proper weight to what is uncontradicted and probable in itself.*

In note 152, page 538, 1 Phillips on Evidence, the same principle is laid down and supported by reference to numerous adjudicated cases.

In the case of Tipton v. The State, Peck's Tenn. R., 308, it is held "that no part of the confession could be rejected *unless it was proved to be untrue;* that the jury could not arbitrarily reject that part which went in discharge of the prisoner, and go upon that part only which criminated him."

The judgment of the court below is reversed and the cause remanded.

Reversed and remanded.