## CARSON BROTHERS v. McCORD-COLLINS COMPANY.

Decided December 31, 1904.

**1.—Judgment by Default.—Citation—Seal.**

A judgment by default in the County Court will be held fatally defective by the Appellate Court on writ of error where the citation by virtue of which it was rendered did not have the seal of the County Court impressed thereon.

**2.—Same—Pleadings—Plea of Privilege—Usury.**

The defendants, having filed no pleadings whatever in the trial court, are in no position to raise in the Appellate Court the question of their privilege to be sued in the county of their residence, or of usury in the debt sued on.

**3.—Pleadings—Promise in Writing—Statute of Fraud.**

A general allegation of a promise to pay in a given county is sufficient to admit proof of a promise in writing, since the requirement of the statute of frauds relates to the evidence and not to the pleading.

Appeal from the County Court of Tarrant. Tried below before Hon. R. F. Milam.

*McCall & McCall,* for appellants.

*Sydney C. Samuels,* for appellee.

SPEER, ASSOCIATE JUSTICE.—The default judgment from which this writ of error is prosecuted must be reversed, because the writ of citation relied upon to give jurisdiction over the persons of the plaintiffs in error was fatally defective, in that the seal of the County Court of Tarrant County was not impressed thereon as required by statute. Sayles' Civ. Stat., arts. 1214, 1447; Frosch v. Schlumpf, 2 Texas, 422; Imley v. Brewster, 3 Texas Civ. App., 103, 22 S. W. Rep., 226; Chambers v. Chapman, 32 Texas, 570; Hall v. Gee, 29 S. W. Rep., 44; Line v. Cranfill, 37 S. W. Rep., 184.

Plaintiffs in error, having filed no pleadings whatever in the court below, are in no position to raise the questions in this court of their privilege to be sued in the county of their residence, or of usury in the debt sued upon. The County Court appears to have had jurisdiction of the subject matter, and upon the service of a valid citation would have had jurisdiction over the persons of the plaintiff in error, subject to be defeated only by the timely presentation of a proper plea of privilege. Poole v. Pickett, 8 Texas, 122; Masterson v. Ashcom, 54 Texas, 324.

It can make no difference that the original petition did not allege a promise in writing, since the general allegation of a promise to pay in Tarrant County is sufficient. The requirement of the statute of frauds relates to the evidence, and not to the pleadings. Robb v. San Antonio Street Railway, 82 Texas, 392; Cross v. Everts, 28 Texas, 523; Gonzales v. Chartier, 63 Texas, 36.

It appears that the account forming the basis of the suit contains some items which could not properly be included in a verified account under the statute; but the rules applicable to this method of pleading or proof are too familiar to require discussion, and no difficulty is likely to arise in this respect upon another trial.

For the error mentioned the judgment is reversed and the cause remanded.

*Reversed and remanded.*