ANGELINE TIPTON ET AL. V. R. J. TIPTON.

Decided April 12, 1909.

### 1.—Limitation—Vendor and Vendee.

A vendor executed and delivered a deed conveying land to her two sons in consideration of a certain sum for which they were to execute their note, and as a further consideration they agreed to pay to her a certain share of the crops during her life, and the vendees took possession under the terms of the agreement and paid rent as stipulated in crops for several years, no part of the cash consideration being paid, and thereafter one vendee, who had executed his notes as stipulated, abandoned the land, and the other, who had failed to sign the notes, took possession of all the land claiming it as his own and refusing to pay rent. Held, that as he had not paid the consideration for the conveyance to him of an undivided half interest, the superior title to such half remained in the vendor, and limitation did not run in his favor as against such vendor. Had he expressly repudiated his purchase and given notice to his vendor of such repudiation and that he would not be bound by the conveyance, a different rule might prevail.

### 2.—Deed—Delivery—Evidence.

Where the grantor signed and acknowledged a deed conveying land to her two sons in consideration of a certain sum for which they were to execute their notes, and as a further consideration they agreed to pay her a certain share of the crop during her life, and the uncontroverted evidence was that the deed was placed in the trunk of one of the vendees, and that the vendees took possession of the land and paid the rent in accordance with the terms of the contract for two years and up to the time one of them moved off the land, delivery of the deed was conclusively shown.

### 3.—Statute of Frauds—Contract.

It is only when the contract may not be performed within a year that the statute of frauds denounces it as void.

### 4.—Same—Rents.

A verbal contract binding the vendee to pay his vendor a share in the crops raised on the land during the life of the vendor as part of the consideration of the deed, was performable upon the death of the vendor, and as this was a contingency which might have happened within one year, the contract was not within the statute of frauds.

### 5.—Vendor's Lien—Verbal Contract—Consideration.

Where at the time the deed was executed the vendor and vendee entered into a verbal agreement that, as a part of the consideration and in addition to that expressed in the deed, the grantee should pay to the grantor annually certain rents on the premises conveyed, and the grantee remained in possession until his death, the vendor was entitled, in a suit against his widow and children, to recover rents, not solely as such, but as part of the consideration for the deed and as constituting a vendor's lien and to have a foreclosure of such lien.

### 6.—Evidence—Credibility of Witness—Charge.

Where a vendor sued the widow and children of his vendee for rents constituting a part of the consideration for the deed to land and to foreclose the vendor's lien, testimony of a witness through whom plaintiff did not claim that the latter had after the death of the vendee executed a deed to said witness purporting to convey the land, that witness brought suit against defendant for the land and lost the suit and thereafter reconveyed to plaintiff, could not affect plaintiff's case, and a charge limiting its effects to the credibility of the witness was proper.

**7.—Foreclosure of Vendor's Lien—Verdict—Judgment.**

The suit being for the rents accruing for the entire tract, and it not appearing that the jury found that defendants acquired title to an undivided half by limitation, nor that the verdict found in favor of the plaintiff the rents of only one-half the land, and the issue of the value of rents being controverted, these facts could not be assumed, and the foreclosure of the vendor's lien upon the entire tract, being authorized by the verdict, did not appear to be erroneous.

Appeal from the District Court of Hill County. Tried below before Hon. B. Y. Cummings, Special Judge.

*Morrow & Smithdeal,* for appellants.

*W. E. Spell* and *Vaughan & Hart,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This case was originally filed March 29, 1904, by Mrs. Rebecca J. Tipton against Mrs. Angeline Tipton, widow of E. G. Tipton, and Myra E. Tipton, Allie Tipton and Bessie Ann Tipton, children of E. G. Tipton, to recover rents on a one hundred and fifteen acre tract of land. On December 5, 1907, the same plaintiff filed against the same defendants a similar suit for rent accruing subsequent to the filing of the first suit. The suits were consolidated and as consolidated it was a cause for debt and foreclosure of vendor's lien, the amount of the debt being represented by the value of the rents for the tract of land described in plaintiff's petition and for the years therein stated, the land having been conveyed by appellee to E. G. Tipton, deceased.

Error is assigned to the court's refusal to give appellant's special charge as follows: "If you believe from the evidence that in the year 1881, the plaintiff herein made a deed describing the land in controversy and conveying the same by said deed to E. G. Tipton and Robert Tipton, and that as a part of the consideration therefor E. G. Tipton was to sign notes for a part of the purchase money, payable at the death of R. J. Tipton, and that he was to pay R. J. Tipton during her lifetime a fourth of the cotton and a third of the grain grown on the premises, and further believe from the evidence that after said deed was made, to wit: about the year 1882, or before that time, the said Robert Tipton abandoned said premises and that said premises were taken possession of by E. G. Tipton, and further believe from the evidence that E. G. Tipton refused to sign the notes and repudiated the contract to sign the same, if you believe he had agreed to sign the same, and that he failed and refused to pay to R. J. Tipton a third of the grain and a fourth of the cotton and repudiated the contract to pay same, if he had made said contract, claiming to own the same, and that he continued in possession of said premises from the said year 1882 up to the time of his death, to wit: on the —— day of ——, 1902, and that during said time he used, occupied, enjoyed and cultivated said premises and claimed to own the same and held the same adversely to any claim of the said R. J. Tipton, then and in that event you are instructed that said E. G. Tipton acquired a title to the said premises by virtue of the ten years statute of limitations, and if you so believe you are instructed that no vendor's lien

could exist in favor of the plaintiff herein." There was no error in refusing said charge.

Prior to 1881 R. J. Tipton, appellee, was the owner of 115½ acres of land in John Berry survey in Hill County. Some time in the year 1881 she conveyed the same to her two sons, R. T. Tipton and E. G. Tipton, for the consideration of $1800, for which they were to execute their notes, payable to the respective heirs of R. J. Tipton after her death. As a further consideration they were to pay to the grantor as rent one-third the grain and one-fourth the cotton raised each year upon the land during the lifetime of the grantor. No part of the cash consideration was ever paid. R. T. Tipton and E. G. Tipton took possession of the land under the terms of the agreement and paid the rent in grain and cotton, according to contract, for several years. R. T. Tipton executed his notes as stipulated in the agreement, but E. G. Tipton failed to sign them. The deed was not to be recorded until the death of Mrs. R. J. Tipton, the grantor. At the close of the year 1883 or the first of 1884 R. T. Tipton abandoned the land and E. G. Tipton took possession of all the land, claiming it as his own. E. G. Tipton not having paid the consideration for the conveyance to him by R. J. Tipton of an undivided one-half interest in the land, the superior title to said one-half remained in R. J. Tipton, the grantor, and limitation did not run in his favor as against such grantor. (Estes v. Browning, 11 Texas, 237; White v. Cole, 9 Texas Civ. App., 277; Jackson v. Palmer, 52 Texas, 427; Moore v. Giesecke, 76 Texas, 543.) A different rule might prevail had he expressly repudiated his purchase and given notice to his vendor of such repudiation and that he would not be bound by the conveyance. The trial court·submitted the ten years statute of limitation as to one-half of the land, and no complaint is made to his action in so doing.

It is contended that the trial court erred in refusing appellant's requested charge reading: "If you believe from the evidence that on the —— day of ——, 1881, the plaintiff, Mrs. R. J. Tipton, was the owner of the tract of land in controversy, and that at or about said date she and E. G. Tipton and R. T. Tipton made a contract, the effect of which was that the plaintiff R. J. Tipton was to convey to the said E. G. Tipton and R. T. Tipton the tract of land in controversy, and that they were to pay as consideration therefor the sum of $1800 at the death of R. J. Tipton and in addition were to pay one-third of the grain and one-fourth of the cotton grown on the premises during the life of R. J. Tipton, and if you further believe from the evidence that the said deed was signed and ·acknowledged by the said R. J. Tipton for the purpose of conveying said land to E. G. Tipton and R. T. Tipton, but further believe from the evidence that the said deed was not delivered to the said E. G. Tipton and R. T. Tipton, but that the same was retained by R. J. Tipton, and that it was her intention to retain same, and not deliver same, then. and in that event you are instructed that the contract and transaction between said R. J. Tipton and her two sons, E., G. and R. T. Tipton, if you find there was such transaction, did not pass the title

to said land from the said R. J. Tipton, and if you so find, then you are instructed that even though you may find the plaintiff herein is entitled to recover rents under other charges given you by the court, she would not be entitled to the foreclosure of any lien upon the land in question as security for the payment of said rents."

The petition alleged the execution and delivery of the deed by R. J. Tipton to her two sons, E. G. and R. T. Tipton. The deed was signed and acknowledged by her. The deed was placed in E. G. Tipton's trunk. R. T. Tipton and E. G. Tipton took possession of the land and paid the rent in accordance with the terms of the contract between them for about two years and up to the time R. T. Tipton moved off the land. The uncontroverted evidence in our opinion shows a delivery of the deed. The charge was properly refused.

These remarks apply also to the third assignment of error and the same is overruled.

Error is assigned to the court's action in refusing appellant's special charge as follows: "You are instructed that even though you may believe from the evidence that E. G. Tipton promised and agreed that he would pay to Mrs. R. T. (J.) Tipton one-fourth of the cotton and one-third of the grain grown on the premises in controversy during the lifetime of the said R. J. Tipton, you are nevertheless instructed that the undisputed evidence showing said contract not to have been in writing, the same is void for the reason that the same could not be performed within one year from the date of the making of said contract." This charge was properly refused. The contract was performable upon the death of Mrs. R. J. Tipton, and this was a contingency which might have happened within one year. It is only when the contract may not be performed within a year that the statute of frauds denounces it as void. (Sayles' Civ. Stats., art. 2543, sub. 5; Thouvenin v. Lea, 26 Texas, 612; Thomas v. Hammond, 47 Texas, 42; Lennard v. Texarkana Lumber Co., 94 S. W., 383.)

The third paragraph of the court's charge reads: "You are instructed that you must first determine from the evidence in this case whether or not at the time of the execution of said deed the plaintiff, Mrs. R. J. Tipton, entered into an agreement with E. G. Tipton and R. T. Tipton by which it was agreed between them that, as a part of the consideration of said land in addition to that expressed in the deed, that the said E. G. Tipton and the said R. T. Tipton should pay to the plaintiff annually the rents on said premises, one-fourth of the cotton and one-third of the grain during her life, unless you believe from the evidence that such agreement was made and entered into then you will find for the defendants." It is contended that this is error, in that it authorized a recovery on account of an of an alleged verbal agreement to pay rents on the land, which according to the pleading of the plaintiff and the evidence in the case had been conveyed to the defendants' ancestors by warranty deed, reciting a cash consideration and reserving no rent or other right in the premises. The claim of the plaintiff is not based on a claim solely for rents, but also the additional fact that such rents under the contract between the parties were to be paid as a part of the consideration for the conveyance of the land and constituted a vendor's lien on the

land. The charge was correct and in accord with the opinion on the former appeal of this case, 47 Texas Civ. App., 619.

Complaint is made of the seventh paragraph of the court's charge reading as follows: "The evidence introduced before you of the witness Mrs. Clementine McClendon to the effect that the plaintiff a few days after the death of the deceased, E. G. Tipton, executed a deed to her purporting to convey the land in controversy to the said Mrs. Clementine McClendon, and her testimony to the effect that she brought suit against the defendant in this case for the land in controversy and that she lost said suit, and her further testimony that she reconveyed said land to the plaintiff, was admitted only on the issue affecting the credibility of the said Mrs. Clementine McClendon and on the issue showing a motive to testify as she did, and as to whether the same does affect her credit as a witness or does show a motive to testify are questions altogether for your consideration, and you will not consider said testimony for any other purpose." There was no error in giving this charge. The suit by appellee was not for a recovery of the land, but for the recovery of a part of the debt representing part of the consideration to be paid for the conveyance of the land. The deed executed by appellee to Mrs. McClendon, the suit brought by her, and the result of the suit were not admissible to prove plaintiff's case, the appellee not claiming the debt sued for or the lien through Mrs. McClendon. The evidence to which the charge refers could only be considered as affecting the credibility of the witness.

It is insisted in the ninth assignment of error that the court erred in foreclosing a lien on the entire tract of land described in the petition because the same is contrary to the charge of the court and the verdict of the jury. The petition sought to recover rent for four years at the rate of $400 per year on all the land. The verdict was as follows: "We, the jury, find for plaintiff $200 for each year 1904, 1905, 1906, 1907, to wit: $800 and said lien is hereby foreclosed." It is argued that the verdict shows that the jury found this sum for the rent of an undivided one-half of the land and that the court erred in foreclosing the lien on the whole tract. To sustain this argument we would have to assume that the jury found that appellants acquired title to an undivided one-half of the land under the ten years statute of limitations, and further that the verdict shows that they only found for plaintiff the rent for one-half the land. We can not assume that such was their finding. The evidence as to the yearly value of the rents was controverted. There is nothing in the record to show affirmatively that the jury found for appellants an undivided one-half of the land under the ten years statute of limitations. The verdict authorized the judgment. Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*

Writ of error refused.