## BETTS v. BETTS et al.  (No. 2246.)

(Court of Civil Appeals of Texas. Texarkana. March 18, 1920.)

**1. Frauds, statute of ⬦50(2)—Parol lease for term of lessor's life held valid.**

Parol lease for the term of lessor's life *held* not void under statute of frauds (Vernon's Sayles' Ann. Civ. St. 1914, art. 3965), providing that lease for a longer term than 'for one year unless in writing is void; such statute 'being applicable only to leases which by their terms cannot be performed within the year.

**2. Frauds, statute of ⬦50(2) — Parol lease which may be for a term of less than one year upon happening of contingency not void.**

When the lease may be for a longer or shorter term than *one year, according to whether a contingency which is to end it happens within the year or not, it is not within statute of frauds (Vernon's Sayles' Ann. Civ. St. 1914, art. 3965), requiring lease for a longer term than one year to be in writing.*

Appeal from District Court, Cass County; H. F. O'Neal, Judge.

Suit by Mrs. S. V. Betts against W. H. Betts and others. Judgment of nonsuit, and plaintiff appeals. Affirmed.

The 200 acres of land in controversy belonged to the community estate between F. G. Betts and his first wife, who died prior to 1899, intestate, it seems, and leaving children

surviving her. It was the homestead of said Betts and his second wife when he died in 1899. · It seems that the children of the first marriage waived the right they had to have the land partitioned after the death of said F. G. Betts, and that the second wife, who is appellant here, continued to occupy all of it as her homestead until 1906 or 1907, when she leased it to appellees W. H. Betts and J. W. Betts, who were children of said F. G. Betts by his first marriage. This suit, in form an action of trespass to try title, was commenced by appellant against appellees March 6, 1918. The answer of the latter was a plea of not guilty and a plea in which they alleged that appellant leased them the land in 1905 at $60 a year, for the term, they testified, of her life. In her testimony as a witness, appellant denied that, and claimed that the lease to appellees was by the year and not for her life. The trial was to the court without a jury, and the appeal is from a judgment that appellant take nothing by her suit.

T. D. Rowell, of Jefferson, for appellant. O'Neal & Allday, of Atlanta, and Elmer L. Lincoln, of Texarkana, for appellees.

WILSON, C. J. (after stating the facts as above). Two contentions are presented by the assignments; the first being that the trial court erred when he overruled appellant's exception to the part of appellees' answer setting up that they had leased the land of appellant, and the second being that said court erred when he overruled appellant's motion to strike out all the testimony admitted in support of said part of said answer.

The ground of the exception was that it appeared from the allegations in the answer that the lease contract therein set up was within the provision of the statute of frauds (article 3965, Vernon's Statutes) that no action shall be brought upon any contract for the lease of real estate for a longer term than one year unless such contract is in writing, and it did not appear from said allegations that the contract so set up was in writing. The action of the trial court in overruling the exception has ample support in the decisions of the courts of this state. King v. Murray, 135 S. W. 255; Robb v. Ry. Co., 82 Tex. 392, 18 S. W. 707; Carson v. McCord-Collins Co., 37 Tex. Civ. App. 540, 84 S. W. 391; Land Co. v. Dooley, 33 Tex. Civ. App. 636, 77 S. W. 1030; Day v. Dalziel, 32 S. W. 377; Graham v. Kesseler, 192 S. W. 299. In the case first cited the court said:

"Nothing is better settled as a rule of pleading than that, in declaring upon a contract required by the statute of frauds to be in writing, it is not essential to the validity of the pleading that it should aver that such contract was in writing."

[1, 2] The ground upon which the trial court was asked to strike out the testimony he had admitted with reference to the lease contract was that it showed the contract to be a verbal one which was not to be performed within a year, and therefore within the provision of the statute of frauds above referred to. The testimony on behalf of appellees was that the lease to them by appellant was for the term of her life. If it was, then, obviously, the lease by the terms of the contract was not unconditionally for a longer time than one year, for appellant might have died within the year. The rule seems to be that when the lease may be for a longer or shorter term than one year, according to whether a contingency which is to end it happens within the year or not, it is not to be construed as within the statute. Tipton v. Tipton, 55 Tex. Civ. App. 192, 118 S. W. 842; Robb v. Railway Co., 82 Tex. 392, 18 S. W. 707. In the case last cited the court said:

"It is only where the lease or contract shows upon its face that it is for a longer term than one year or that the performance thereof was not to be within a year, that the defect would exist which brings the action within the statute. To make the statute operate, it must appear that the lease extends for a longer period than one year, and that the agreement is one necessarily not to be performed within a year. It does not apply if either of these contingencies may happen [within a year]."

The judgment is affirmed.