## CONTINENTAL CASUALTY CO. v. COX.
(No. 256.)

(Court of Civil Appeals of Texas. Waco. June 18, 1925. Rehearing Denied Oct. 8, 1925.)

1. **Insurance ⚈⟹627(2)—Service on foreign insurance company may be had by serving commissioner of insurance.**

Under Rev. St. arts. 4745, 4773, 4844, 4955, service upon foreign corporation conducting accident and health insurance business in Texas may be had by obtaining service on commissioner of insurance, and service on him is sufficient to support judgment by default.

2. **Insurance ⚈⟹627(2)—Clerk's statement and sheriff's return that certified copy of petition was served with citation on commissioner of insurance sufficient.**

Where service was had on foreign insurance company by serving commissioner of insurance, contention that citation was insufficient because it did not have attached copy of exhibits which were attached to petition was without merit, since citation issued by clerk and sheriff's return showed that certified copy of petition was delivered with citation.

On Rehearing.

3. **Appeal and error ⚈⟹662(2)—Supreme Court bound by recital in citation that petition was delivered, where no appearance or challenge made below.**

Where original citation recites that certified copy of petition was delivered with citation served on foreign insurance company by leaving with commissioner of insurance, Supreme Court is bound by recitation, where insurance company did not make appearance and object in trial court.

Error from District Court Robertson County; W. C. Davis, Judge.

Suit by Sam R. Cox against the Continental Casualty Company. Default judgment for plaintiff, and defendant brings error. Affirmed.

J. Felton Lane, of Hearne, for plaintiff in error.

Bush & Parten, of Franklin, for defendant in error.

BARCUS, J. This suit was instituted by defendant in error against plaintiff in error

---

to recover on a health and accident insurance policy. Defendant in error alleged that the plaintiff in error, Continental Casualty Company, "is a private foreign health and accident insurance company, organized under the laws of the state of Indiana, with its general office in Chicago, Ill., and with the permit to do business in Texas under the laws of Texas; that John M. Scott, of Austin, Tex., is commissioner of insurance of the state of Texas, upon whom service of process may be had, as made and provided by law in such cases." Citation was issued August 29, 1924, directed to the sheriff or any constable of Travis county, commanding him to "summon Continental Casualty Company, a private corporation, with its general office at Chicago, Ill., by serving a true copy of this citation, together with the accompanying certified copy of plaintiff's petition, on John M. Scott, commissioner of insurance, Austin, Tex.," to appear at the October, 1924, term of court, and the return of the sheriff shows that it was so executed on August 30, 1924. Plaintiff in error filed no answer, and judgment by default was rendered on November 21, 1924. The term of court adjourned December 12th, and on December 29th thereafter plaintiff in error filed its petition and bond for writ of error. The judgment of the trial court recites that, "the defendant being duly and legally cited in the manner provided by law, came not but wholly made default." The only issue involved in this appeal is whether the service of citation on John M. Scott, commissioner of insurance, was sufficient to support a judgment by default against plaintiff in error. The citation with copy of petition which was served on the commissioner was by him promptly forwarded to plaintiff in error.

Articles 4724 to 4774 of the Revised Statutes deal with life, health, and accident insurance companies. Article 4745 provides how service of process may be had on a domestic insurance company. Article 4773 provides that service on a foreign life insurance company may be had by serving the commissioner of insurance and banking, and article 4844 provides that service of process on fraternal benefit societies may be had by serving the commissioner of banking and insurance. Article 4955 of the Revised Statutes provides:

"All the provisions of the laws of this state applicable to life, fire, marine, inland, lightning, or tornado insurance companies shall, so far as the same are applicable, govern and apply to all companies transacting any other kind of insurance business in this state, so far as they are not in conflict with the provisions of law made specially applicable thereto."

[1] Under the articles of the statutes above referred to, we think that service upon a foreign corporation, conducting an accident and health insurance business in Texas, can be had by obtaining service of process upon the commissioner of insurance and banking, now the commissioner of insurance, and that service upon the commissioner of insurance is sufficient to support a judgment by default. American Indemnity Co. v. City of Austin, 112 Tex. 239, 246 S. W. 1019; Mosaic Templars of America v. Smith (Tex. Civ. App.) 236 S. W. 175; International Order of Twelve, Knights and Daughters of Tabor, v. Brown (Tex. Civ. App.) 190 S. W. 251; Haytian Tabernacle No. 604, International Order of Twelve, Knights and Daughters of Tabor, v. McKinney (Tex. Civ. App.) 224 S. W. 202.

[2] Plaintiff in error contends that the citation served on the commissioner of insurance, which was forwarded to it, was not sufficient because it did not have attached thereto a copy of the exhibits attached to defendant in error's petition filed in the trial court. This assignment is without merit. The citation issued by the clerk states that a copy of plaintiff's petition is attached, and the sheriff's return shows that a certified copy of plaintiff's petition was delivered with the citation. There is nothing in the record to challenge the verity of these certificates by the officer.

We have examined all of plaintiff in error's assignments of error, and same are overruled. The judgment of the trial court is affirmed.

### On Rehearing.

Appellant in its motion for rehearing challenges the finding of fact in the original opinion that "the citation, with copy of petition which was served on the commissioner, was by him promptly forwarded to plaintiff in error." Upon investigation we find that appellant is correct in his statement that there is nothing in the record to sustain said finding, and same is withdrawn from said opinion. The judgment in this case was rendered by default, and no statement of facts accompanies the record. We obtained the above statement of fact from a letter which is embraced in the transcript filed in this case. Said letter, however, had no proper place therein, and should not have been contained in the transcript.

The judgment of the trial court recites that "the defendant, being duly and legally cited in the manner provided by law, came not but wholly made default." In an appeal from a default judgment only matters of fundamental error can be considered. Southwestern Surety Ins. Co. v. Gulf, T. & W. Ry. Co. (Tex. Civ. App.) 196 S. W. 276; Carson Bros. v. McCord-Collins Co., 37 Tex. Civ. App. 540, 84 S. W. 391; Jenness v. First Nat. Bank (Tex. Civ. App.) 256 S. W. 634.

[3] The original citation as served on appellant accompanies the record, and it recites the fact that a certified copy of appellee's petition was delivered with the citation. Since appellant did not in the trial court challenge in any way the statement contained in said citation, nor challenge the statement con-

tained in the judgment as entered by the court, this court is bound by said recitations. Bomar v. Morris, 59 Tex. Civ. App. 378, 126 S. W. 663; Martin v. Burns, 80 Tex. 676, 16 S. W. 1072; Treadway v. Eastburn, 57 Tex. 209; Davis v. Robinson, 70 Tex. 394, 7 S. W. 749.

The motion for rehearing is overruled.