## PARSONS v. PARSONS. (No. 3106.)*

(Court of Civil Appeals of Texas. Texarkana. June 20, 1925. Rehearing Denied July 2, 1925.)

1. **Executors and administrators** ⟲437(7)—Administrator's rejection of defective claim held not to set 90-day limitation in motion.

Affidavit to claim to effect that it was true and correct and that all credits to which it was entitled had been given was not in compliance with Vernon's Sayles' Ann. Civ. St. 1914, art. 3439, and, as administrator was without power to allow it rejection of claim did not set in motion 90-day limitation under article 3449, within which claimant must bring suit.

2. **Frauds, Statute of** ⟲158(2)—Testimony held not inadmissible as tending to prove contract entered into more than one year before date of performance.

Testimony as to alleged oral contract for payment of premiums on insurance policy to be reimbursed out of proceeds thereof held not inadmissible, under Vernon's Sayles' Ann. Civ. St. 1914, art. 3965, subd. 5, as tending to prove that contract was entered into more than year before any premium was to be paid.

3. **Frauds, Statute of** ⟲49—Agreement which may or may not be performed within a year need not be in writing.

An agreement which may or may not be performed within a year is not required by statute of frauds (Vernon's Sayles' Ann. Civ. St. 1914, art. 3965, subd. 5) to be in writing, but it must appear from agreement itself that it is not to be performed within a year.

4. **Frauds, statute of** ⟲158(2)—Testimony as to oral contract for payment of life insurance premiums held not inadmissible as showing contract not performable within year.

Testimony as to oral contract with insured for payment of premiums on life insurance policy, to be repaid when policy was collected, held not inadmissible under Vernon's Sayles' Ann. Civ. St. 1914, art. 3965, subd. 5, as showing contract not performable within a year from time it was made.

5. **Appeal and error** ⟲930(3)—Judgment held to involve finding favorable to plaintiff for whom judgment entered, where evidence warranted such finding.

Where evidence warranted finding that plaintiff, under contract with insured to pay premiums on his life insurance policy, was to be repaid when policy was collected, and judgment was rendered for plaintiff, held that under Vernon's Sayles' Ann. Civ. St. 1914, art. 1985, judgment for plaintiff involved finding by court to that effect if answer to special issue did not so find.

6. **Limitation of actions** ⟲46(2)—Action on contract for repayment of life insurance premiums when policy collected held not to arise until policy collected.

Under contract to pay premiums on life insurance policy, to be repaid when policy was collected, cause of action did not arise until amount due on policy was collected, and limitation did not begin to run until such time.

7. **Interest** ⟲7—Inference warranted that plaintiff paying premiums on insured's policy to be paid interest thereon.

Where plaintiff contracted with insured to pay premiums on his life insurance policy, amount to be repaid when policy was collected, inference that it was contemplated that plaintiff should be paid interest held warranted.

Appeal from District Court, Grayson County; Silas Hare, Judge.

---

⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted November 25, 1925.

Action by Fannie E. Parsons against Felix N. Parsons, administrator of the estate of Herman Parsons, deceased. Judgment for plaintiff, and defendent appeals. Affirmed.

This was a suit by appellee against appellant as the administrator of the estate of Herman Parsons, deceased. It was commenced by a petition filed December 2, 1922. The suit was to recover (among other things unnecessary to state) sums aggregating $1,-312, and interest thereon, which appellee alleged she paid for said Herman Parsons at his request; being annual premiums due by him on a policy for $3,000 on his life, issued by the Kansas City Life Insurance Company. Appellee alleged that the payments she made were in the sum of $164 each, and were made annually, beginning April 12, 1913, to and including the year 1920. She alleged further that the payments were made under an agreement between her and said Herman Parsons, whereby she was to be repaid the amount of such payments and interest thereon "when said policy should be collected." Appellee alleged, further, that after the death of Herman Parsons December 3, 1921, appellant as the administrator of his estate collected the amount due on said policy, and she alleged further that thereafter she presented her claim for repayment of said sums so paid by her, together with interest thereon, to appellant, as required by law (article 3449, Vernon's Statutes), and that he on November 9. 1922, rejected same, thereby forcing her to bring the suit. In his answer appellant asserted that the suit was not maintainable, and that it should be dismissed because, he charged, appellee failed to comply with the requirement (article 3449, Vernon's Statutes) that suit on such a claim be commenced within 90 days after it is rejected by an administrator. He alleged that the claim sued on was first presented to him June 16, 1922, and that he rejected and returned it to appellee July 10, 1922. Included in said answer was a general denial and a plea setting up the statute of limitations of 2 years against the recovery sought by appellee on account of premiums paid by her on the policy more than 2 years before she commenced the suit.

In response to special issues submitted to them the jury found as follows: (1) The agreement between Herman Parsons and appellee was that "any premiums paid by her on said policy should be repaid to her out of any money that might be realized on said policy." (2) Said agreement was entered into April 12, 1913. (3) Appellee paid "8 annual premiums amounting to $1,312 covering the period from April 12, 1913, to 1920, inclusive, together with interest at 6 per cent. per annum, amounting to $412.50, making a total of $1,724.50." The appeal is from a judgment in appellee's favor against appellant as administrator for said sum of $1,-724.50.

Nathaniel Jacks, of Dallas, for appellant.

Chas. Batsell and Webb & Webb, all of Sherman, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] On the theory that it appeared from the testimony that the claim sued upon was first presented to and rejected by him as administrator July 10, 1922, appellant insists the trial court erred when he overruled his (appellant's) plea in abatement, and refused to dismiss the suit on the ground that it was not commenced within 90 days from that date. The contention is predicated on a statute (article 3449, Vernon's Statutes) as follows:

"When a claim for money against an estate has been rejected by the executor or administrator, either in whole or in part, the owner of such claim may, within 90 days after such rejection, and not thereafter, bring a suit against the executor or administrator for the establishment thereof in any court having jurisdiction of the same."

It appeared from an exhibit, made a part of the plea in abatement, that at the time the claim was rejected July 10, 1922, it was not otherwise proven than by the affidavit of appellee that it was "true and correct [quoting] and all credits to which the same is entitled have been given." Appellee insists that such proof was not sufficient, and that appellant therefore was bound to reject the claim without respect to whether it was a meritorious one or not, and that, because appellant was so bound, his rejection of the claim at the time stated did not have the effect claimed for it.

We think appellee's contention must be sustained. By the terms of the statute (article 3439, Vernon's Statutes) appellant was without power to allow the claim unless it was "accompanied [quoting] by an affidavit in writing that the claim is just and that all legal offsets, payments and credits known to affiant have been allowed." In Walters v. Prestidge, 30 Tex. 65, the affidavit was that the claim was "correct and just [quoting] after allowing all proper credits." The words used were held not to be the equivalent of those used in the statute, and a right in the plaintiff to maintain a suit on the claim was therefore denied. It will be noted that the defects in the affidavit in the instant case are practically the same as were those in the Walters Case. In Hooks v. Martin (Tex. Civ. App.) 229 S. W. 592, as here, the affidavit to the claim when it was first rejected by the administrator was fatally defective, and, as here, the claim was later again presented to and rejected by him. In

that case, as in this one, the suit was commenced within 90 days after the claim was last rejected, but more than 90 days after it was first rejected. The claim was not being verified as required by law when it was first presented to the administrator. It was held that his rejection of it "did not set in motion the statute of 90 days' limitation."

[2] After the witness Evans had testified that he had conversations with Herman Parsons, the first probably about 1912, with reference to appellee's paying the premiums, it appears from a bill of exceptions that he was permitted to testify, further, over appellant's objection, as follows:

"The substance of it [the conversation with Herman Parsons] was that, if Fannie Parsons would pay the premiums on that policy she could be protected in the policy and have her money out when the policy was collected; all the premiums as she paid that she would have first lien on the policy for what she had paid in and I instructed them how, in order to protect her, it should be done; that it was necessary for that policy to be indorsed to her as her interest might appear."

The ground of the objection was that the testimony tended to prove a contract within the statute of frauds, in that it was not in writing and was "not to be performed within the space of one year" from the time it was made. Article 3965, subd. 5, Vernon's Statutes.

It is not very clear, from the way the matter is presented in appellant's brief, whether his contention here that the court erred in overruling his objection is on the theory that the testimony tended to show that the contract was entered into more than a year prior to the time any premiums would become due and payable on the policy, or on the theory that it tended to show that more than a year must necessarily elapse before any other than one premium could become due on the policy. But we think there was no merit in the objection on either theory. It appeared from other testimony before the court that a premium on the policy became due and payable April 12, 1913, and that one became due and payable thereon on the same day each year thereafter during the lifetime of the insured. The testimony of Evans was that the first of the conversations he referred to was "probably about 1912." If that testimony "tended" to prove that the contract between the parties was entered into more than a year before April 12, 1913, when the premium first paid by appellee became due, it certainly did not prove it, and we think it must, if believed, to render it inadmissable on the ground urged against it. Adair v. Stallings (Tex. Civ. App.) 165 S. W. 140.

[3] As to the other theory, a rule applicable is that—

"An agreement which may or may not be performed within a year, is not required by the statute of frauds to be in writing; it must appear from the agreement itself that it is not to be performed within a year." Thouvenin v. Lea, 26 Tex. 612.

And other rules applicable are stated as follows in 27 C. J. 182:

"Oral agreements to continue to do some particular act until the happening of a certain contingency, such as the termination of a specified existing state of affairs, are valid if the contingency is one which may happen within the year, although it is possible that it may not happen within that time. An oral agreement to continue to do some particular act for an indefinite period of time is not within the statute, where it may be determined by such a change in the circumstances of the parties as will make it unreasonable or unnecessary that they should be further bound, the contingency of such change of circumstances being implied in the nature of the contract. Where an agreement is by its terms to continue during the lifetime of a specified person, or where no time is set for the completion of performance, and the contract is of such a personal nature that the death of the promisor would terminate it, the statute does not apply. In other words, a contract is not within the statute when a death occurring within a year will constitute a full performance."

Accordingly it has been held in this state that a verbal agreement by a railroad company "to issue" quoting the syllabus in Ry. Co. v. Wood, 88 Tex. 191, 30 S. W. 859, 28 L. R. A. 526, "once a year for 10 years an annual pass to a person and his family, and to stop its trains during that time at his house, was not an agreement not to be performed within a year, within the statute of frauds, since it was to be performed within a year upon the contingency of the death of such person and his family within that time."

[4] Certainly in the instant case it cannot be said that the testimony objected to showed that the contract was not performable within a year from the time it was made, upon the contingency of the death of the insured before another premium than the one payable April 12, 1913, became due, or the contingency of appellee's death after she paid said premium due April 12, 1913, and before another premium became payable. If other authority than that cited above is needed as a support for the conclusion reached, it will be found in Taylor v Deseve, 81 Tex. 246, 16 S. W. 1008; Tipton v. Tipton, 55 Tex. Civ. App. 192, 118 S. W. 842; Warner v. Ry. Co., 164 U. S. 418, 17 S. Ct. 147, 41 L. Ed. 495; and Railway Co. v. Whitley, 54 Ark. 199, 15 S. W. 465, 11 L. R. A. 621.

[5, 6] Another contention by appellant is that a cause of action at once arose in ap-

pellee's favor when and as she paid the annual premiums, and therefore that her right to recover on account of payments made by her more than two years before December 2, 1922, when she commenced her suit, was barred by the 2 years' statute of limitations. But the contract as found by the jury was that she was to be repaid the money she paid on account of the premiums "out of any money that might be realized on said policy." If that did not mean that she was to be paid when and not before the policy was collected, then the judgment involves a finding by the court to that effect, for as we construe the testimony it warranted such a finding. Article 1985, Vernon's Statutes. If that was the contract, then a cause of action in appellee's favor did not arise until appellant as administrator collected the amount due on the policy, and he did that within two years before the time the suit was commenced. Stacy v. Parker, 63 Tex. Civ. App. 129, 132 S. W. 532, cited by appellant as supporting his contention that a cause of action in appellee's favor arose at once when she paid one of the premiums, as we understand it is not at all like this case on its facts, and is of no value in determining the question presented.

[7] Appellant vigorously insists that there was no evidence of an agreement on the part of his intestate to pay interest on the sums paid by appellee on account of the policy, and that the judgment therefore is wrong so far as it awarded appellee a recovery of such interest. It is true there was no direct evidence of such an undertaking by the intestate, but we think the circumstances of the case as shown by testimony justified an inference that he so agreed. Ry. Co. v. Moss (Tex. Civ. App.) 203 S. W. 777; Cotton v. Cooper (Tex. Civ. App.) 160 S. W. 597; Conner v. State, 34 Tex. 659; 23 C. J. 18. Of course neither of the parties to the contract could have known at the time they entered into it how long it would be before the policy would be collected, for that depended upon how long the insured lived. In view of that fact and the absence, as was the case, of anything in the testimony indicating an intent on appellee's part to furnish, free of any charge therefor, the money necessary to pay the premiums, we think it was not reasonable to believe that the parties contemplated when they entered into the contract that appellee should not be compensated for the loss to her of the use of the money for such an indefinite time, and therefore that it was a reasonable inference that they contemplated she should be paid interest on the money during the time she was deprived of its use.

Other contentions are presented in appellant's brief, but we think they also are without merit.

The judgment is affirmed.