**Tex.)**  PARSONS v. PARSONS  **933**
(284 S.W.)

(Commission of Appeals of Texas, Section B. June 9, 1926.)

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

---

**PARSONS v. PARSONS. (No. 626–4485.)**

(Commission of Appeals of Texas, Section B. June 9, 1926.)

**1. Interest ☞45.**

Generally, interest, unless otherwise promised, is payable when debt upon which it accrues becomes due, and cannot be collected; and does not begin to run before such maturity.

**2. Interest ☞39(1).**

Stipulation in contract for interest from date is controlling of general rule allowing interest after maturity of debt only.

**3. Interest ☞67.**

Intention of contracting parties that interest be paid from date may be proven by circumstances and inferences, as well as express stipulations.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Interest ⬤⇒7.**

As general rule, money lent or advanced for benefit of another bears interest without specific agreement therefor.

**5. Indemnity ⬤⇒1.**

Agreement to advance money for premiums of husband's insurance, wife to be protected by policy and have money out when it was collected, *held* contract of indemnity.

**6. Indemnity ⬤⇒1—Where intention between parties to indemnify is reasonably clear, contract need not be in any particular form or expressed in technical terms.**

Where intention between parties to indemnify is reasonably clear, contract need not be in any particular form or expressed in technical terms, but will be construed as indemnity contract, no matter by what name parties designate it.

**7. Interest ⬤⇒39(6).**

One advancing money under indemnity contract in regard to matter indemnified is entitled to interest on advances from time they are made, unless right thereto is waived.

**8. Interest ⬤⇒39(6)—Wife held entitled to interest upon advances for payment of husband's insurance premiums under agreement of indemnity between them.**

Where wife advanced money for payment of husband's insurance premiums under agreement that she be indemnified upon collection of proceeds of policy, she was entitled to interest from date of advances.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Fannie E. Parsons against Felix N. Parsons, administrator of the estate of Herman Parsons, deceased. Judgment for plaintiff was affirmed by the Court of Civil Appeals (275 S. W. 200), and defendant brings error. Affirmed.

Nathaniel Jacks, of Dallas, for plaintiff in error.

Charles Batsell and Webb & Webb, all of Sherman, for defendant in error.

SPEER, J. Fannie E. Parsons, the defendant in error here, brought this suit against Felix N. Parsons, administrator of the estate of Herman Parsons, deceased, to recover sums aggregating $1,312 and interest thereon, which she alleged she had paid for said Herman Parsons, at his request, on account of annual premiums due by him on a life policy for $3,000 issued by the Kansas City Life Insurance Company. She alleged that the payments were made in the sum of $164 each and were made annually beginning April 12, 1913, to and including the year 1920. She further alleged that the payments were made under an agreement between her and Herman Parsons whereby she was to be repaid the amount of such payments and interest thereon, when said policy should be collected. She

further alleged the death of Herman Parsons and that the administrator had collected the amount due on the policy; that her claim had been presented for payment as required by law, and the same had been refused. The answer tendered the issues that the suit could not be maintained since the claim had been refused by the administrator more than 90 days before the filing of the suit, and that the cause of action was barred by the statutes of two years' limitations. The plaintiff recovered in the trial court and that judgment was affirmed in the Court of Civil Appeals. 275 S. W. 200.

The holding of the trial court and the Court of Civil Appeals permitting plaintiff to recover interest upon the premium payments advanced by her is the only question presenting any serious difficulty, and is the one upon which the writ of error herein was granted.

[1] It is true, generally, that interest, unless otherwise promised, is payable when the debt upon which it accrues becomes due, and cannot be collected, and does not begin to run, before such maturity. Hutchins v. Wade, 20 Tex. 7; Connor v. City of Paris, 87 Tex. 32, 27 S. W. 88; Ruzeoski v. Wilrodt (Tex. Civ. App.) 94 S. W. 142; Askew v. Bruner (Tex. Civ. App.) 205 S. W. 153; Trevathan v. Hall (Tev. Civ. App.) 209 S. W. 447.

[2-8] But even this rule is subject to the more general one that if the contract speaks specifically, it will in all cases control. The rule allowing interest (where not otherwise provided) after maturity of the debt only is itself predicated upon the implied promise gathered from all the circumstances of the case. We are only discussing recoveries of interest as such, and not cases of damage sometimes denominated, or measured by, "interest."

Undoubtedly, where the contract in any wise stipulates for interest from date, or from any other event as to that, it will control, and such intention may be evidenced not alone by the express stipulations of the instrument, or agreement, but may be proven by circumstances and inferences, as well. The Court of Civil Appeals so held in this case, and its holding is supported by the authorities. The general rule is that one who lends money to, or makes advances for, the benefit of another, is entitled to interest upon the amount so lent or advanced, although nothing is said about interest at the time of the transaction. 33 C. J. p. 201, § 57. This for the reason that in that character of case the circumstances are such as to evidence an intention of the parties that one who thus makes a present loan or advance to another shall be compensated for it. In the absence of a showing to the contrary, such inference is plainly the most reasonable one to draw from the circumstances. In other words, the nature of the contract is such as reasonably

to raise an inference that the loan or advance was not to be a gratuity. In this case defendant in error's cause of action was predicated upon a loan or advance of definite sums of money from time to time for the benefit of the deceased, and there is nothing shown to indicate, much less to compel the inference, that the loans were to be gratuitous. There is nothing in the facts to show that defendant in error did not intend to charge, or that Herman Parsons did not intend to pay, interest. But on the contrary, we think the evidence entirely justifies the holding of the trial court and the Court of Civil Appeals that both parties did intend that interest should be paid upon the loans. The witness Evans testified to a conversation with Herman Parsons concerning the contract with Fannie Parsons, the substance of which was:

"That if Fannie Parsons would pay the premiums on that policy, she could be protected in the policy and have her money out when the policy was collected; on the premiums, as she paid that, she would have first lien on the policy for what she had paid in, and I instructed them how, in order to protect her, it should be done; that it was necessary for that policy to be indorsed to her as her interest might appear."

Now, here is an admission from Herman Parsons to the effect that he had contracted, if Fannie Parsons would pay the premiums on the policy, she should be protected in the policy and have her money out when the policy was collected. This protection is not limited to the principal any more than to the interest, for it says "her money," and by any reasonable construction it would mean any money as to which she would fairly be entitled to protection within the meaning of the contract. As thus proven, the contract is in the nature of one of indemnity to protect Fannie Parsons out of the proceeds of the policy for any amount of premiums she might pay. This clearly is the intention of the parties to the contract as thus proven. If the intention between the parties to indemnify is reasonably clear, it is not necessary that the contract should be in any particular form of words or be expressed in technical terms. If the intention to indemnify is apparent from the whole, it will be construed as a contract of indemnity by whatever name the parties designated it (31 C. J. p. 421, § 11), and it is well settled that where under the provisions of an indemnity contract, the indemnitee makes advances in reference to the matter indemnified, he is entitled to interest on such advances from the time they are made, unless the right to such interest is waived (31 C. J. p. 435, § 30; 14 R. C. L. p. 59, n. 1). In such cases, and in all other cases, where the reservation of interest is implied—that is, proved, by the nature of the promise—it becomes part of the debt and is recoverable as of right. Redfield v. Ystalyfera Iron Co., 110 U. S. 174, 3 S. Ct. 570, 28 L. Ed. 109; Redfield v. Bartels, 139 U. S. 694, 11 S. Ct. 683, 35 L. Ed. 310; Richmond, etc., Co. v. Richmond, etc., Co., 68 F. 105, 15 C. C. A. 289, 34 L. R. A. 625. The case before us comes clearly, we think, within the rule of indemnity contracts, and is therefore stronger than the usual case depending entirely upon the inference to be drawn from the ordinary circumstances surrounding the transaction. Defendant in error would not be protected by payment of any sum short of the aggregate of premiums advanced plus interest from the respective dates of payment. There is evidence tending to show that the parties to the contract so intended, and the decisions of the trial court and the Court of Civil Appeals upon this point are final and binding upon this court.

Nothing needs to be added to what has been said by the Court of Civil Appeals upon the other points in the case. They have been rightly decided.

We therefore recommend that the judgments below be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.