## PERRY NAT. BANK v. LAMB.

### No. 2300.

Court of Civil Appeals of Texas. Waco.

Jan. 30, 1941.

S. R. Allen, of Hamilton, for appellant.

A. R. Eidson, of Hamilton, for appellee.

RICE, Chief Justice.

The Perry National Bank of Hamilton brought this suit in the county court of Hamilton county against Oliver B. Lamb, independent executor of the estate of P. B. Lamb, deceased, seeking recovery on a promissory note executed by deceased. Trial was had to the court without a jury.

Findings of fact and conclusions of law were filed by the trial court. These findings of fact are not challenged, and are substantially as follows: (1) On November 21, 1934, P. B. Lamb, deceased, executed his note for $349.60, due October 1, 1935, payable to the order of R. L. Maxwell, Inc., at Hamilton, Texas, bearing interest at 10 per cent per annum from date and providing for 10 per cent attorney's fees. This note, before maturity, was transferred to the Perry National Bank, plaintiff herein, which bank was the owner and holder of the note at the time of trial. (2) P. B. Lamb died January 20, 1937, leaving a written will dated January 15, 1936, naming Oliver B. Lamb, defendant herein, as independent executor; said will providing that no action be had in the county court or other court except to probate the will, and that no bond or other security be required of said executor. Application for the probate of said will was filed January 22, 1937, and an order was entered by the probate court of Hamilton county on February 8, 1937, admitting the will to probate. On the 27th of February, 1937, the executor took the oath provided by statute. (3) This suit was instituted on October 26, 1939. (4) The will of P. B. Lamb, among other things, provided: "I further provide that my said son shall pay my indebtedness at the Hamilton National Bank and the Perry National Bank." (5) At the time said will was executed testator owed the Perry National Bank a note of approximately $69, signed by one Joe Fuqua as surety, and also the note sued on in this case. The order admitting the will to probate provides: "That letters testamentary issue to the said Oliver B. Lamb after his taking the oath as required by law." (6) At the time of the execution of the will testator stated he wanted his son to pay the debt to the Perry National Bank signed by the said Joe Fuqua as surety, but he did not mention the debt sued on. (7) At the time of the execution of the will, P. B. Lamb knew of the indebtedness sued on in this case being due by him to the Perry National Bank; that he had been notified of the note and had talked to the president of the bank about the same and promised that he would pay it later. (8) The claim sued on had been properly sworn to and presented to the executor and the latter had refused payment before the filing of this suit.

On the foregoing facts, the trial court filed the following conclusions of law: "As a matter of law, I conclude from the above facts that the note sued on was barred by the statute of limitation of four years; that limitation was only interrupted

from the 20th of January, 1937, to February 8, 1937, the date of the order probating the will. As to the second count in plaintiff's petition, I conclude as a matter of law that the provision in the will relating to the payment of the testator's indebtedness was insufficient to take this claim out of the bar of the statute, as at the time the testator owed two debts to the plaintiff and the debt sued on was not specified or identified in any way by the provisions of the will, and it could not be determined from the provisions of the will that the instructions in said will applied to the debt sued on."

The court entered judgment that plaintiff take nothing, from which judgment plaintiff perfected this appeal, and by appropriate assignments challenges the correctness of the legal conclusions set forth above.

■ Error is assigned to the action of the trial court in holding that plaintiff's cause of action was barred by the four-year statute of limitation, Vernon's Ann. Civ.St. art. 5527. We sustain this assignment. In our opinion, the direction in the will of P. B. Lamb: "I further provide that my said son shall pay my indebtedness at the Hamilton National Bank and Perry National Bank," is plain and unambiguous; and refers to and includes all indebtedness owing by the deceased at the date of his death to each of the banks referred to and not barred by the statute of limitation at the date of testator's death. Since the note sued on was admittedly not barred when P. B. Lamb died, or when the will was admitted to probate, or when his executor took the statutory oath, it is not necessary for us to determine, and we do not determine, the legal effect of the directions contained in said will as to any indebtedness owing by the testator which was barred at the date of his death.

We believe this case to be ruled by the decision of the Supreme Court of this state in Bullard v. Thompson, 35 Tex. 313. In that case the defendant pleaded in bar of plaintiff's recovery the four-year statute of limitation, in that more than four years had elapsed from the maturity of the notes and previous to the institution of the suit, exclusive of the time in which suit could not be brought. In this case the maker of the note made a will which was duly admitted to probate, and which, among other things, provided: "In the first place I desire that all my just debts be paid, and first those of my sister, Mrs. Mary Ann Richardson, and of my uncle, Chas. K. Bullard." In answer to the plea of limitation raised by defendant, the Supreme Court said: "We are clearly of the opinion that Charles A. Bullard, by the following clause in his will, made it obligatory upon his executrix to pay whatever debts he owed his uncle, Charles K. Bullard: 'In the first place, I desire that all my just debts be paid, and first those of my sister, Mrs. Mary Ann Richardson, and my uncle, Charles K. Bullard.'" The court further said in reference to said provision: "The very terms of the will make Mrs. Richardson, the sister, and C. K. Bullard, the uncle, special legatees under the will, to the extent of their several just claims against the estate of the testator. * * * We will only remark further, that there was a valid subsisting indebtedness to the appellant at the time the will of Charles A. Bullard took effect; that the will could not be executed until these debts were paid, upon the supposition that there were assets to pay them. The will took the debt out of the statute of limitation."

In our opinion, the provisions of the will of P. B. Lamb took the debt of plaintiff sued on herein out of the statute of limitation; and limitation would not begin to run thereon until Oliver B. Lamb, the independent executor, had repudiated the trust imposed upon him by the terms of his father's will. See Kennard v. Kennard, Tex.Civ.App., 84 S.W.2d 315, page 320; Suhre v. Benton, Tex.Civ.App., 25 S.W. 822, page 823.

■ Since this case appears to be fully developed, it is our opinion that the same should be reversed and rendered, and the judgment of the trial court is reversed and judgment is here rendered that plaintiff, Perry National Bank, recover of and from the defendant, Oliver B. Lamb, in his capacity as independent executor of the estate of P. B. Lamb, deceased, the sum of $349.60, together with interest thereon from November 21, 1934, at the rate of ten per cent per annum to date hereof, together with ten per cent additional of the amount of principal and interest due as attorney's fees, and for costs of court, for all of which plaintiff may have its execution.