Mattye PADGETT, Appellant,

v.

Sidney T. PADGETT, Independent Executor
of the Estate of John W. Padgett,
Appellee.

No. 4522.

Court of Civil Appeals of Texas,
Eastland.

July 28, 1972.

Rehearing Denied Dec. 28, 1972.

Fannin & Fannin, Oliver W. Fannin, Fort Worth, for appellant.

Owens & Fortney, Richard Owens, Fort Worth, for appellee.

COLLINGS, Justice.

Mattye Padgett brought this suit against Sidney T. Padgett, Independent Executor of the estate of her deceased husband, John W. Padgett. Plaintiff alleged that during her marriage to her husband she had made two loans to him totaling $8,500 out of her separate property for the use and benefit for his separate estate, and that her husband in his will directed his executor to repay plaintiff therefor out of certain specific properties. Plaintiff sought judgment for the amount of such loans plus six per cent interest from the date thereof. The executor, Sidney T. Padgett, excepted to the plaintiff's pleadings and pled the two and four year statutes of limitations. He also filed a cross action and among other things asked for judgment against plaintiff for one-half of a community bank account paid to plaintiff after the death of her husband, amounting to $3,014.15. The court rendered judgment holding that plaintiff was entitled to be paid the $8,500 plus six per cent interest only from the date of the judgment, plus $400 of the delay rentals, less one-half of the $6,029 which plaintiff had withdrawn from the community bank account. In addition the defendant was awarded the remaining portion of the delay rentals on an oil and gas lease on the husband's real estate. Mattye Padgett has appealed.

Appellant urges points in which it is contended that she was entitled to recover interest at the rate of six per cent per annum on the money she had loaned to her husband out of her separate estate for the use and benefit of his separate estate from the times that she had loaned same to him; that she was entitled to recover interest at the rate of six per cent per annum on the money she had loaned her husband from the maturity date of said indebtedness, and that the court erred in failing to render judgment therefor.

Appellee says that the court in denying appellant recovery of interest as sought impliedly found that the husband did not agree to pay such interest, and that appellant was not entitled to recover such interest because the husband did not in his will direct that interest be paid thereon.

The right to collect interest herein depends upon the loan transaction between the parties and not upon any direction in the husband's will. There was evidence in the record that there was an agreement between the appellant and her husband that the loans in question would be repaid with interest. There is no evidence that the loans were to be repaid without interest. The general rule is that one who lends money is entitled to interest thereon although nothing is said about interest at the time of the transaction. Parsons v. Parsons, 284 S.W. 933 (Tex.Com. App.1926); Sparks v. Taylor, 99 Tex. 411, 90 S.W. 485 (1906); 30 Tex.Jur.2d, § 81, page 142.

Appellee contends that the general rule with respect to borrowed money does not apply here because he asserts that the transaction in question was an advancement by the wife to her husband out of the wife's separate funds to be used on the family homestead as well as for other purposes. He cites in support of this contention Burton v. Bell, 380 S.W.2d 561 (Tex.Sup.1964). We cannot agree with this contention. The rule announced in Burton v. Bell which follows the rule announced in Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620 (1935), is that if a spouse advances funds (not loans) out of his or her separate estate to the other spouse, or permits the other spouse to use such funds, for the purpose of paying off existing debts against the separate property of the spouse so using the funds, or for the making of such improvements upon such property, then when the marriage is dissolved the spouse who has advanced to or let the other spouse use such funds, has the right, in equity, in an accounting with the owners of the property, to be reimbursed for the full amount of the separate funds used in the payment of the debts against the property, or for the amount of the separate funds used in the making of improvements on said property, to the extent that the improvements enhanced the value of said separate property, but no more. If community property is used by one of the spouses for such purposes, then the community would be entitled to a like accounting when the marriage is dissolved. If appellant had not loaned the money to her husband but had merely advanced it to him or allowed him to use it as he did, then he would be bound by the rule announced in Burton v. Bell and Dakan v. Dakan, and her cause would not arise until after the death of her husband. The rule announced in Burton v. Bell, however, does not apply when a loan is made by the wife to the husband, and should be repaid by the husband no matter whether the loan is made for the purpose of paying off debts against his separate property or for making improvements thereon. Under such circumstances the rights of appellant and her husband with respect to the money loaned to him were just the same as if they were not husband and wife. Appellee says that the funds loaned to the husband were used on the family homestead, as well as for other purposes. The separate property belonging to the husband at the time the loans were made was a 1,297 acre tract of land. Some time after appellant and her husband were married they moved upon this land and lived there until the husband died in March of 1963. After his death, 200 acres of this land was set aside as a homestead for appellant's use. There is no evidence showing that any of the $8,500 loan by appellant to her husband was used for the improvements on the 200 acres set aside after the death of her husband for her to use as a homestead.

We overrule appellee's first and second crosspoints to the effect that the obligation of John W. Padgett to repay the money he had borrowed from appellant in 1950 and 1951 together with interest thereon is barred by the two year statute of limitation, and that appellant's cause of action which accrued to her in the will of John W. Padgett was barred by the four year statutes of limitations. The two year statute of limitation did not run against appellant as long as her husband lived because she was a married woman. See Article 5535, R.C.S., prior to its amendment in 1967, and Bohn v. Bohn, 420 S.W.2d 165 (Tex.Civ.App.—Houston 1967, writ dism.). Appellant was under disability as a married woman and although her cause of action might have accrued against her husband prior to 1967, the four year statutes of limitation did not begin to run against her until her husband died and her disability as a married woman was thereby removed. Appellee's points under the four year statutes of limitations are overruled. Bullard v. Thompson, 35 Tex. 313; Perry National Bank v. Lamb, 147 S.W.2d 824 (Tex.Civ.App.—Waco 1941, no writ hist.).

We also overrule appellee's third crosspoint in which it is contended that appellee is entitled to recover from appellant in-

terest at the rate of six per cent from April 1, 1963, on one-half of $6,029.00 which appellant drew out of the joint bank account of appellant and her deceased husband. Appellee in effect admits the correctness of the judgment in this respect.

We sustain appellant's points contending that she was entitled to recover interest at the rate of six per cent per annum on the money she loaned her husband out of her separate estate in 1950 and 1951, and that she was entitled to recover six per cent per annum on the money she had loaned to him from the maturity date of such indebtedness.

The judgment is therefore reformed so as to allow appellant to recover such interest. Otherwise the judgment is affirmed. All costs are adjudged against appellee.